ELIZABETH H. WHEELER v. LOUIS A. CONSTANTINE.

*Foreign disabilities from making contract.*

An Indiana woman cannot, by pleading disqualification to contract, evade payment of notes given by her for goods purchased in Michigan, without showing that the laws of Indiana do so disqualify her. If the notes are authorized by Michigan laws it

cannot be presumed that they are void, nor is it conceded that if made in Michigan they would not be governed by the statutes of the State.

Judgment cannot be reversed on grounds not based on evidence introduced below.

Error to Lenawee. Submitted June 5. Decided June 18.

Assumpsit. Defendant brings error.

*Walker & Weaver* for plaintiff in error. The notes of a married woman domiciled in Indiana are void (*Coats v. McKee*, 26 Ind., 223; *O'Daily v. Morris*, 31 Ind., 111; *Kautrowitz v. Prather*, id., 92; *Higgins v. Willis*, 35 Ind., 371; *Hasheagen v. Specker*, 36 Ind., 413; *Jenkins v. Flinn*, 37 Ind., 349; *Hodson v. Davis*, 43 Ind., 258; *Brick v. Scott*, 47 Ind., 299) even though payable in Michigan, Story Confl. Laws, 66; and are void everywhere, *Martin v. Dwelly*, 6 Wend., 13; *Garnier v. Poydras*, 13 La., 177; *Wilder's Succession*, 22 La. Ann., 219: 2 Amer., 721; *Hyde v. Goodnow*, 3 Comst., 267; *Elliott v. Peirsol*, 1 Pet., 338; *Tucker v. Moreland*, 10 Pet., 71; 2 Kent's Com., § 31; nor could she authorize an agent to make notes, *Webber v. Howe*, 36 Mich., 150; *Armitage v. Widoe*, id., 124.

*Stacy & Underwood* for defendant in error. The validity of a contract is generally determined by the law of the place where it is made, Story Confl. Laws, §§ 242, 279; *Pearsall v. Dwight*, 2 Mass., 89; *Willings v. Consequa*, 1 Pet. C. C., 317; *Smith v. Mead*, 3 Conn., 253; *Andrews v. Pond*, 13 Pet., 65; *Broughton v. Bradley*, 36 Ala., 689; *Loan Co. v. Towner*, 13 Conn., 249; *Maguire v. Pingree*, 30 Me., 508; *Pitkin v. Thompson*, 13 Pick., 64; *Sherrill v. Hopkins*, 1 Cow., 103; *Thompson v. Ketcham*, 8 Johns., 189; but where the contract is to be performed elsewhere, its general validity, nature, obligation and interpretation are to be governed by the law of the place of performance, 2 Kent's Com., 393–4, 459; Story Confl. Laws, § 280; *Thompson v. Ketcham*, 4 Johns., 285;

*Kanaga v. Taylor*, 7 Ohio St., 134; *Denny v. Williams*, 5 Allen, 1; *Herschfield v. Dexel*, 12 Ga., 582; *Boyd v. Ellis*, 11 Ia., 97; the place where a note is delivered is the place of its execution for the purpose of deciding what law governs it, *Butler v. Myer*, 17 Ind., 77.

CAMPBELL, C. J. In this case plaintiff in error claims freedom from liability on certain notes made by her for goods purchased, because she insists that as a married woman residing in Indiana she was disqualified from contracting in Michigan or elsewhere in that way.

We do not find in the record any evidence that the laws of Indiana disqualify her. If any such laws exist they should have been proven in the circuit court. We can only review such matters as that court has acted on, and we cannot reverse a judgment upon grounds not based on evidence introduced below. We cannot presume that there was anything which would make such notes void when our laws authorize them. *Worthington v. Hanna*, 23 Mich., 530.

We do not wish to be understood as intimating that our laws would not govern these notes at any rate, as made in Michigan. That point we do not decide because it is not required by the record.

Judgment is affirmed with costs.

The other Justices concurred.