MICHAEL O'ROURKE v. ALEXANDER O'ROURKE.

*Sunday note—Credibility of witnesses.*

A note made on Sunday is not void at common law, and in a suit on a foreign note any foreign statute invalidating it must be proved.

Rulings upon a point that has no legal foundation and is immaterial to the case do not furnish any ground of complaint to a plaintiff in error who relies on it.

An instruction that if the jury find that a party has willfully sworn falsely as to a material fact, and they should be of opinion that such willful false swearing rendered him incredible in the whole, they would have a right to disregard his entire testimony, is not erroneous.

Error to Van Buren.    Submitted January 22.    Decided February 11.

ASSUMPSIT.    Defendant brings error.

*Richards & Mills* for plaintiff in error.  A charge that a jury has a right to disbelieve the whole of a party's testimony if he has willfully sworn falsely in one particular, should be qualified by excepting the case of corroborative evidence, *Crabtree v. Hagenbaugh* 25 Ill. 240; *Pope v. Dodson* 58 Ill. 361; *U. S. Exp. Co. v. Hutchins* id. 44; *Meixsell v. Williamson* 35 Ill. 530; *C. & A. R. R. v. Buttolfe* 66 Ill. 347; 1 Whart. Ev. § 412.

*J. G. Parkhurst* and *Spafford Tryon* for defendant in error.   A note made on Sunday is not invalid at common law or by the law of New York, *Adams v. Hamell* 2 Doug. (Mich.) 73; the credibility of a witness who has sworn falsely to one particular is for the jury to determine, *Emlaw v. Emlaw* 20 Mich. 11; *Fisher v. People* 20 Mich. 135; *Hamilton v. People* 29 Mich. 188.

GRAVES, J.   The defendant in error sued upon the common and money counts, and appended to the decla-

ration pursuant to the statute a copy of a note reading as follows:

"ROCHESTER, N. Y., Oct. 16, 1864.

On the 16th day of October, 1877, for value received, I promise to pay to Alexander O'Rourke, or bearer, the sum of fourteen hundred dollars, with interest at seven per cent. This is army money and other money that he has. . This note is stamped according to law.

MICHAEL O'ROURKE."

The plaintiff in error pleaded the general issue, and filed an affidavit in which he questioned the execution of the note. The jury gave their verdict for the defendant in error, and assessed his damages at $1264.13.

The substantial defense was twofold: *First*, that the note was not executed by plaintiff in error; and *second*, that it was made in the State of New York on Sunday, and was hence invalid.

In regard to the first question the evidence was contradictory. And as going to support the denial of execution and as tending to explain the dealings of the parties, the defense adduced evidence that in 1865 the parties went into partnership in Allegan, and that plaintiff in error on that occasion applied the funds of defendant in error in his hands to make up the latter's share of capital, and that they dissolved in 1868, at which time the plaintiff in error gave his note and mortgage for the entire sum receivable by defendant in error. The latter conceded in effect that the note was given in New York on Sunday, and he admitted the going into partnership, and that plaintiff in error put in for him out of the fund represented by the note the sum of $800, and that he received in 1868 the note and mortgage of plaintiff in error for that portion of the original demand. But he denied that the residue represented by the note in suit, had been paid or accounted for.

Whether the note was caused to be invalid on account of being made on Sunday depended on the statutes of New York. It was not void by the common law. *Mackalley's Case* 9 Co. 66b: Cro. Jac. 280; *Waite v. Hundred*

*of Stoke* Cro. Jac. 496; *The King v. Brotherton* 1 Strange 702; *Swann v. Broome* 3 Burr. 1595 1597; *Drury v. De Fontaine* 1 Taunton 131; *The King v. Whitnash* 7 B. & C. 596; *Begbie v. Levi* 1 Tyrw. 130: 1 Cr. & J. 180; *Story v. Elliot* 8 Cow. 27; *Batsford v. Every* 44 Barb. 618; *Geer v. Putnam* 10 Mass. 312; *Johnson v. Day* 17 Pick. 106; *Kepner v. Keefer* 6 Watts 231; *Fox v. Mensch* 3 W. & S. 444; *Adams v. Gay* 19 Vt. 365; *Bloom v. Richards* 2 Ohio St. 387; *Davis v. Barger* 57 Ind. 54; *Tucker v. West* 29 Ark. 386. If any laws existed in New York to impair the contract they should have been proved. *Kermott v. Ayer* 11 Mich. 181; *Ellis v. Maxson* 19 Mich. 186; *Wheeler v. Constantine* 39 Mich. 62. We cannot assume that other States have legislated as we have in regard to the observance of Sunday or the first day of the week, and the record is silent relative to the course or state of legislation in New York. If we were disposed to speculate on the subject, we should not infer that the note would be void there. *Smith v. Wilcox* 24 N. Y. 353; *Merritt v. Earle* 29 N. Y. 115; *Eberle v. Mehrbach* 55 N. Y. 682. The whole contention, therefore, arising out of the circumstance that the note was made in New York on Sunday had no legal foundation and was immaterial, and the various rulings respecting it afford the plaintiff in error no ground of complaint. If any one was prejudiced it was the defendant in error.

On the other chief branch of the case, the question of execution, as the court understands the charge, was fully submitted, and the jury appear to have found that the paper was duly executed.

The secondary question, as to whether the note and mortgage of 1868 covered the whole fund originally going to defendant in error, or merely a part of it, and if a part only, then how much, seems also to have been fully left to the jury; and the result indicates that they sustained the explanation given on the part of defendant in error, and allowed the residue of the note after deducting the note and mortgage of 1868, and then added the inter-

est. We do not see that any tenable objection is raised to the mode in which these matters were submitted, and at the same time we think the charge upon them was fair.

In respect to the subject of credibility, on which a request was made, the judge stated to the jury that if they found the defendant had sworn wilfully false with regard to the execution of the note or any other material fact, and they should be of opinion that such wilfull false swearing rendered the witness incredible in the whole, it would be their right to disregard his entire testimony.

We see no objection to this instruction of which the plaintiff in error can complain. The view explained in *Knowles v. People* 15 Mich. 408, was not disregarded. No rule of law was laid down as to what they might consider and believe and what not. But the duty of the jury to investigate and decide upon the credit and convincing force of the testimony was explicitly declared. Their province was not at all invaded.

We find nothing further in the record worthy of comment, and as no prejudicial error is made out by the complaining party, the judgment should be affirmed with costs.

The other Justices concurred