KATE FULLER v. THE MAYOR, RECORDER, AND ALDERMEN OF THE CITY OF JACKSON.

[See 82 Mich. 480.]

*Municipal corporations—Defective sidewalk—Pleading—Damages— Evidence.*

1. The provision of section four of Act No. 264, Laws of 1887, which limits the liability created thereby for injuries sustained by reason of defective highways to those which have been in use for ten years, applies only to public highways in townships.

2. Under a declaration in a negligence case, which contains no

92 197
102 156

92 197
103 57

92 197
107 498

92 197
113 46

92 197
114 103

92 197
s52NW1075
131 5446

92 197
135 524

92 197
141 3L13

92 197
153 4507

averment of the aggravation of existing physical ailments by the injury complained of, it is error to allow damages therefor.

3. The answer of an expert witness to a hypothetical question must be given upon the basis of the facts therein stated, and without recourse to other facts within his own knowledge.

4. A plaintiff in a negligence case, who was injured in the evening while walking on a sidewalk, was permitted to testify to an examination of the walk the next forenoon, between 9 and 11 o'clock, and to finding the board broken upon which she stepped when she received the injury complained of, but which seemed to be in its place; which evidence, unless rebutted, is held to raise the presumption that plaintiff found the plank in the same condition in which she left it the evening before.

5. Actual notice of the general broken and unsafe condition of a piece of sidewalk is sufficient to charge a municipality with negligence in not repairing the walk, although not shown to have had notice or knowledge of the particular defect which caused the injury complained of.

Error to Jackson. (Peck, J.) Argued April 22, 1892. Decided June 10, 1892.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion, and in 82 Mich. 480.

*Charles E. Snow ( T. A. Wilson,* of counsel), for appellant.

*Loud & Price,* for plaintiff.

MORSE, C. J. This case has been in this Court once before, and will be found reported in 82 Mich. 480. The situation of the premises and the cause of the injury to plaintiff are sufficiently stated in the opinion filed by Mr. Justice GRANT upon the first hearing in this Court. Upon a second trial the plaintiff recovered a judgment, and the case is again brought here by the defendant upon error. Many of the questions now argued were settled by this Court in the opinion above noticed. We

shall only discuss the errors assigned which were not before us when the case was here before.

The court below was requested to direct a verdict for the defendant. Under this request the defendant's counsel, apparently for the first time, make the point that the declaration contained no averment that the street wherein the injury was received had been a public highway or street for a period of 10 years, and also that there was no proof showing such to be a fact. There was proof tending to show that Pearl street, where the accident happened, had been for more than 10 years a public highway. This averment was not necessary in this case under the statute,[1] section four of which provides that—

"The provisions of this act shall not apply to public highways which have not been in use ten years; but nothing in this section shall be construed as exempting townships, villages, and cities from maintaining their streets, bridges, sidewalks, cross-walks, and culverts, and the approaches to bridges, in a safe condition for public, travel."

It will be seen by this proviso that the 10-years use applies only to public highways in townships. A city is; bound to keep a sidewalk in safe condition for public; travel from the time it is built and opened for travel. The case of *Clark v. Village of North Muskegon*, 88 Mich. 308, was decided by us without a careful examination of the statute, as it was conceded by plaintiff upon the argument that it was necessary to prove on the trial the existence of the street for the period of 10 years.

The declaration in this case averred that, by reason of her fall, plaintiff sustained "serious, dangerous, and permanent injuries to her spine and *coccyx*, and was then and there otherwise greatly bruised, wounded, and injured, and became and was sick, sore, lame, and disordered." There was no allegation that she had any difficulty with

[1] Act No. 264, Laws of 1887 (3 How. Stat. §§ 1446c–1446h)

her breast which was aggravated by the injury. Upon her cross-examination defendant's counsel undertook to show that plaintiff was diseased before her fall upon the sidewalk; that she had been afflicted for years with an evil of the breast, which, at intervals, suppurated and discharged purulent matter, and which was discharging when she was first visited by physicians after her alleged injury. Evidence of expert witnesses was also introduced to show that this condition of the breast would be debilitating upon the system, and might produce septic or poisonous condition of the blood, and prevent or retard curing of the hurt to the spine caused by the fall. The plaintiff testified that she had trouble with her breast, caused by bruising it against the back of a chair; that it had healed up before this fall, and that the doctors said that there was nothing cancerous or poisonous about it, or anything that she need worry about; but that, after her fall, her breast broke out again. The plaintiff's counsel thereupon endeavored to show that this breaking out of the breast after the fall was caused by the fall, and introduced the testimony of experts tending to show it. Defendant met this by evidence of experts tending to show that the fall would not produce a mammary abscess. Defendant's counsel requested the court to instruct the jury that, under the declaration, they could not give plaintiff damages for strain or other injury to her breast, or the sore or abscess thereon. The court did not give the request as presented, but in that regard said:

"In considering the question of damages, you are instructed that the plaintiff can only recover for such damages as the evidence shows resulted from the defendant's neglect; and if she has suffered other injuries from any other cause, however serious they may be, or however great may be her misfortune and lamentable her situation, she cannot recover for them in this case. She cannot recover for any injuries to her breast, or the sore

or abscess thereon, unless such injuries may have been aggravated, under the evidence in this case, by the actions which resulted from the defendant's neglect, if it did have the effect so to aggravate."

This charge was erroneous. The plaintiff had not alleged in her declaration any strain or injury to her breast, or that she had trouble with or ailment of her breast that was aggravated by the fall upon the sidewalk. It is said by plaintiff's counsel that this matter of breast trouble was brought into the case by the defendant. This is true, but it was brought in to account for the continued trouble with her spine, and the abscess supposed to have formed in the lower bowels or rectum, and it was legitimately in the case for that purpose, if the theory of the defendant was true; but it being brought into the case by the defendant for this purpose did not warrant the plaintiff to use it in aggravation of her damages, when there was no averment of any such claim of damages in her declaration. *Shadock v. Plank Road Co.*, 79 Mich. 7.

In reference to the expert evidence of Dr. Slenou, we find no particular objection to the question asked of him, but it was impossible, it appears, for him to answer the question without adding to the facts embodied in the question his own knowledge of the case. He substantially said that he was answering the question from his own knowledge of the case. This was not permissible, and the answer to the question should have been eliminated from the case. The record is quite blind as to whether it was or not. When a witness is speaking of his own professional knowledge of the condition of his patient, the opposing counsel has the opportunity to cross-examine him as to the details of that knowledge; but, when a hypothetical question is put to him, he should be confined to the facts as stated in such question, the same as if he had never seen the patient. If he is permitted

to inject facts into the question out of his own knowledge, and which he does without the knowledge of the court or jury, the answer is misleading, and a hindrance rather than an aid to justice. It cannot always be known when an expert witness does a thing of this kind, but when it appears, as it did here, from his own frank statement, the answer to the question should be excluded at once, and any further answer of the witness to hypothetical questions taken with caution, if not rejected altogether, unless it can be made clearly to appear that in such answer he acts upon the facts stated in such questions alone, and without recourse to facts within his knowledge not embraced in such questions.

The testimony of Dr. Hodge, that the fall might aggravate the trouble in the breast, was admissible to refute the defendant's claim that it was a permanent ailment affecting her whole system, and in corroboration of plaintiff's testimony that it broke out because of said fall, but it could not be used to enhance the damages.

The plaintiff, according to her own testimony, was not injured by, to her, a perceptible defect in the walk. The holes which she and others had noticed in the walk did not cause her fall. She stepped over a hole which was plainly to be seen, and stepped upon a plank which to her appeared to be all right. The plank upon which she stepped went down so that her foot slipped under the next plank, throwing her down. She testified that she went down the next morning, and found that board broken, but it seemed to be in its place. "The break was on the south side of the sidewalk, a little ways from the center. The break was south of the center stringer. The board would spring up in its place, and when you stepped on the side which was broken it would go down; step on the north side, and it would go up in its place." Error is assigned upon the admission of this testimony.

It was in the evening when she was hurt, and it was between 9 and 11 o'clock in the morning of the next day when she examined this plank. The case of *Lombar v. Village of East Tawas,* 86 Mich. 19, is cited against the admission of this testimony. That was a case where evidence was received showing a subsequent repair to the sidewalk where the injury was alleged to have occurred. It was correctly held, in accordance with previous decisions of this Court, that the evidence of such repairs was improper, as it had no tendency to show either negligence or knowledge of the alleged defect in the municipality. But the evidence here admitted is not of that character, and was not introduced to show any act of the defendant by which negligence or knowledge might be inferred, but for the purpose of showing the condition of the plank at the time plaintiff was hurt. She made the examination as soon as she well could under the circumstances, and we think it was soon enough after the accident to carry the presumption, if not rebutted, that she found this plank in the same condition that she left it the night before. See *Lombar v. Village of East Tawas,* 86 Mich. 19, 20; *Shippy v. Village of Au Sable,* 85 Id. 288. But it does not appear with any certainty anywhere in the record, as we can find, that this particular plank was broken before plaintiff stepped upon it. It may have been broken by her weight.

The declaration in this case alleges that a certain sidewalk on the south side of Pearl street, a short distance east from its intersection with Mechanic street, was permitted by the defendant to become and remain broken, torn up, and out of repair, and not reasonably safe and convenient for public travel, and that the plaintiff, in walking and passing along said sidewalk with all due care and diligence, necessarily and unavoidably stepped upon a broken board or into a hole in said

sidewalk, and was forcibly thrown to the ground, etc.
The duty of the city to keep this particular walk in
repair, and its failure to do so after due notice, were also
sufficiently averred. It will be noticed that the declara-
tion did not point out any particular defect in the walk,
or any particular plank which caused the injury, or any
particular spot where the plaintiff received her injury.
We held, when the case was here before, that this
declaration was sufficient to' sustain a general verdict.
*Fuller v. City of Jackson,* 82 Mich. 482.

The defendant's counsel requested the court below to
instruct the jury as follows:

"7. There being no evidence in the case showing that
the particular defect in the sidewalk which the plaintiff
claims was the cause of her injury had existed for any
length of time, your verdict must be for the defendant,
unless you find from a preponderance of all the evidence
in the case that the defendant, through its proper
officers, had actual notice of the defective board on
which the plaintiff claims to have stepped, and that,
after such notice, it had reasonable time and opportunity
to put the same in proper condition of repair.

"8. In order to find that the defendant had actual
notice of the unsafe condition of the walk, if you find
it was unsafe, you must find from *all* the evidence in the
case that Alderman Carrol or Street Commissioner Smith
had actual notice, and that they had such notice a suffi-
cient length of time before the time when the plaintiff
claims to have been injured to have enabled it, by the
exercise of reasonable diligence, to have repaired the
walk before the time plaintiff claims to have been
injured."

The seventh was not given. The eighth was given with
a simple modification of substituting the words "the
city" for the word "it," and the omission of the word
"all," which is italicized in the request as printed here.
This was a substantial giving of such request. It is
claimed by plaintiff's counsel, in relation to the refusal
to give the seventh request, that, although there was no

evidence showing that this particular defect which caused the plaintiff's injury had existed for any length of ·time, so as to warrant a constructive notice to the city of this particular plank being broken, yet that there was plenty of evidence showing both actual and constructive notice to the city of the unsafe and defective condition of the whole sidewalk mentioned in plaintiff's declaration, and that notice of the general broken, smashed, and torn-up condition of the walk was in law notice of all of its particular defects. The following cases are cited as sustaining this contention: *Campbell v. City of Kalamazoo,* 80 Mich. 660; *O'Neil v. Village of West Branch,* 81 Id. 546; *Propsom v. Leatham,* 80 Wis. 608 (50 N. W. Rep. 586); *Riley v. Town of Iowa Falls* (Iowa), 50 N. W. Rep. 33; *Armstrong v. Town of Ackley,* 71 Iowa, 76 (32 N. W. Rep. 182).

It was held in *Campbell v. City of Kalamazoo* that evidence that the entire sidewalk declared against in that case was generally out of repair, the stringers rotten, and that the boards, which were laid crosswise, would many of them fly up when stepped on, was admissible for two purposes:

1. To show negligence on the part of the city.
2. To show notice to the · defendant of the defective condition of the walk.

The cases of *Dundas v. City of Lansing,* 75 Mich. 499, and *Tice v. Bay City,* 78 Id. 209, are there distinguished, and held not to apply to such a case as the one then before the Court.

In *O'Neil v. Village of West Branch* it was said by this Court:

" We have held that evidence of other defects of long standing, existing in close proximity to the defect which causes the injury, is admissible as tending to show notice to the corporate authorities of the defective condition of

the walk, and as having some tendency to show notice of the existence of the particular defect complained of."

The other authorities fully support the counsel for plaintiff in their contention, one of them (*Riley v. Town of Iowa Falls*) going so far as to hold that—

"In an action against a town for injuries due to a defective sidewalk, where it is shown that the planks along the place of the accident were loose and decayed, and the stringers on which they rested were out of order, that this condition had existed for several months, and that one of the defendant's councilmen had been informed of it, this is sufficient to support a verdict against defendant, without proof that the particular plank that flew up and struck plaintiff was loose theretofore."

Upon this subject the circuit judge instructed the jury as follows:

"If the jury find that the walk in question at the place where the accident occurred was broken and in an unsafe and dangerous condition generally, and had so remained for a sufficient length of time before the accident to put the authorities of the city on their guard, and allow them to have repaired the same had they used proper diligence, or if the proper officers of the city knew that the condition of the walk at that point was such that from its broken condition such an accident was liable to happen upon it at any moment, and that they had this knowledge a sufficient length of time before the accident to have enabled the city, by the use of reasonable diligence, to repair it before the accident occurred, then the defendant is chargeable with neglect if it neglected to repair, without bringing home to the authorities actual knowledge of the weakness or looseness of the particular board which happened to occasion the injury."

I think this instruction was correct. It is contended that there was no evidence that any alderman of the city or the street commissioner had any actual notice that any plank in the walk was broken so that, when one end was stepped upon, it would go down; nor any evidence tending to show that the defect, if any existed, in

this particular plank which caused the plaintiff's fall, was so noticeable as to warrant a submission to the jury of the question of constructive notice as to the condition of this particular plank. This is undoubtedly true, but there was evidence tending to prove actual notice of the broken and unsafe condition of this piece of sidewalk to one of the aldermen and to the street commissioner, and also evidence tending to show that planks were loose in this walk that would go down or up, when stepped upon, for some time before the plaintiff was hurt.

The evidence shows that this walk was built by one Heaton. It was not ordered to be built by the city. It was built of inch boards, five feet four inches wide, and resting upon stringers. After it was built, people were in the habit of driving over it, and this caused the walk to be more or less broken and torn up. There was a fence put up and wire to keep teams from going across, but this railing was broken down. There were more or less holes and broken boards in the walk, and one witness testified that he was in the habit of picking up the broken boards, and throwing them out of the walk. It was plainly the duty of the city to keep this walk in repair, and being in the condition that it was, and teams being permitted to drive over it, the city, if it had notice through its proper officers of its general condition, and neglected to take proper means to keep teams from going over it, would be responsible for injuries caused by a broken plank, if it had no knowledge that such particular plank was broken. Being of inch stuff, the planks were liable to be broken whenever a loaded team drove over the walk, and it would not be necessary to prove that the particular plank causing the injury had been broken for any length of time, if it was broken before the plaintiff stepped on it.

The court charged the jury, in accordance with our holding when the case was here before, that there was no necessary connection between the hole over which plaintiff stepped and this broken plank which caused her fall, and that notice of this particular hole would not be notice to the city of the broken plank. This was all that the defendant could ask, under our ruling at that time.

We find no errors in the record save those heretofore noted. For these the judgment is reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.