HALL v. CITY OF CADILLAC.

114    99
137   ʼ564

1. JURY—WRONG PERSON SUMMONED—HARMLESS ERROR.
   The name N. J. Gran was on the jury list, and was called in
   making up the jury, being duly answered to. Gustave Gran
   was in fact the person summoned, and it was he who answered
   and sat on the jury. He was eligible, and it did not appear
   that any injury to appellant resulted from his presence.
   *Held*, that the irregularity was not ground for a reversal of
   the judgment.

2. PERSONAL INJURIES—PLEADING—DEFECTS IN WALK—ELECTION.
   Plaintiff in an action for personal injuries, alleged to have
   been caused by falling at night into a hole in a sidewalk in
   front of a particular lot, will not be required, because of evi-
   dence of more than one hole in such walk into which she
   might have fallen, to elect to rely on a particular hole in a
   particular place; it being sufficient that she show to the sat-
   isfaction of the jury that the accident occurred as alleged in
   the declaration.

3. SAME—DAMAGES—PHYSICAL CONDITIONS.
   That one whose knee and hip were actually bruised by a fall
   on a defective sidewalk had previously had rheumatism will
   not prevent a recovery for the pain and suffering caused
   solely by the accident, although she was more susceptible to
   suffering because of her rheumatism.

4. SAME—EXISTING AILMENT—AGGRAVATION.
   But no recovery can be had by her for rheumatism augmented
   by the accident, where her declaration merely claims damages
   for a physical hurt, resulting in soreness and lameness.

5. SAME—PLEADING—EXTENT OF RECOVERY.
   Under a declaration in an action for personal injuries, alleging
   that plaintiff's knee was forcibly wrenched, and the muscles,
   tendons, and cords of the limb greatly bruised and injured,
   whereby she became sick, sore, lame, and disabled, and so
   remained from thence hitherto, a recovery may be had for the
   injury sustained and its natural consequences up to the time
   of the trial, together with such prospective damages of like
   character as are reasonably probable.

Error to Wexford; Aldrich, J. Submitted June 16, 1897. Decided July 22, 1897.

Case by Catherine J. Hall against the city of Cadillac for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

· *Fred S. Lamb* (*Sawyer & Bishop*, of counsel), for appellant.

*F. O. Gaffney* (*D. E. McIntyre*, of counsel), for appellee.

HOOKER, J. The defendant has appealed from a judgment based upon its failure to seasonably repair a sidewalk. The plaintiff, a married woman, was injured by a fall caused by stepping into a hole in the walk in the night-time. The alleged errors which are discussed by the defendant relate to—*First*, the refusal of the circuit judge to require the plaintiff to elect which of two holes in the walk she would rely upon as having caused her injury; *second*, testimony as to her condition after the commencement of the action, and the charge which allowed a recovery for all damages sustained, up to the time of the trial; *third*, the charge upon the effect of rheumatism upon her physical condition; *fourth*, her right to recover for loss of time, through inability to work, it being contended that her services belonged to her husband; *fifth*, the refusal to grant a motion for a new trial based upon an irregularity in impaneling the jury; *sixth*, several rulings upon the competency of testimony.

The name of N. J. Gran was upon the jury list, and was called in making up the jury, being duly answered to. After the trial it was discovered that N. J. Gran was not summoned to attend as a juror, but that one Gustave Gran was, and that he answered to the call and sat upon the jury. It seems to be conceded that he was eligible, and there is nothing to indicate that the defendant suffered any injury from his presence as a juror. No authority is

cited to show that the judgment should be reversed in such a case. We are of the opinion that it was an irregularity merely, and does not call for a reversal of the judgment.

A large number of witnesses testified to the protracted existence of a hole in the walk, caused by a breaking down of a plank between stringers. There was some conflict as to whether it was between the middle and outer or inner stringer of the walk. It was into a hole of this description that the plaintiff claimed to have fallen. The mere fact that witnesses disagreed somewhat as to location and distances, coupled with the fact, if it be a fact, that there was satisfactory evidence of another hole, into which she might have fallen, did not call for an election that she would rely on a particular hole in a particular place, and risk her case upon it. Such technical questions, where there is no danger of injury to a defendant, do not conduce to the due administration of justice. The declaration described a hole caused by the breaking of a plank in front of a particular lot, and the proof established the fact to the satisfaction of the jury that she fell at such a place. If there were two such holes, it was not very important that she should state which one she fell into, at her peril, and she would not be precluded from recovery if she was unable to tell which, so long as her declaration was broad enough to cover either.

The defendant succeeded in eliciting, upon cross-examination of the plaintiff, that some years before she had rheumatism. It is said that she had rheumatism in her feet, some years before, and that the court ruled that if she had it would not preclude her recovery of damages for the injury actually sustained. It is contended that this might have been a correct rule to apply had the rheumatism and its aggravation been alleged in the declaration. We think that it is not required of a plaintiff in an accident case to anticipate all imaginable theories that the ingenuity of counsel may be able to devise, and to set up in her declaration all physical conditions that have existed

from remote periods, and that the result of a failure to do so is not to deprive her of redress, if any of them come to the surface on the trial. If the defendant could show that the plaintiff's ailments were not attributable to the accident, it would defeat her recovery or lessen damages; but, if she actually bruised her knee and hip, the fact that she had rheumatism would not preclude recovery for her pain and suffering, attributable solely to the accident, although she was more susceptible to suffering by reason of her rheumatism.

Counsel urge that all injury arising from the rheumatism, or aggravated by the malady, should have been excluded, and that the court erred in instructing the jury as follows:

"If you believe from the evidence in this case that there was a latent condition in the blood of this plaintiff, making her system liable to rheumatic trouble, and that by reason of this accident she has suffered from rheumatism, and that such attack of rheumatism was brought about solely by reason of this injury received, and which is described in the plaintiff's declaration, as above stated, then you would be entitled to consider the condition of her health as produced by such accident, even though you should believe from the evidence in this case that her suffering was augmented and prolonged by the rheumatism which resulted from the injury complained of; but if you find that the plaintiff has suffered from rheumatism during the same time that she has suffered from the effects of this accident, and that the suffering from rheumatism was not caused by reason of such accident, nor augmented thereby, you cannot take such suffering from rheumatism into consideration in making up your verdict. What I mean by that, gentlemen, is this: You cannot allow her anything on account of such suffering from rheumatism. If you find from the evidence in this case that the plaintiff has had rheumatism during the time she has suffered from the results of this accident, and that such suffering from rheumatism was augmented by the condition produced by the accident in question, you can only allow her damages, if any, for such suffering as she has endured by reason of the accident, which would include so much of her suffering from rheumatism as was caused or augmented by reason of the accident."

This instruction allowed a recovery for an aggravation of a latent trouble, although no allegation of the declaration covered it.   The declaration alleged:

"Unavoidably stepped into said hole, and through said walk, in such a way that her right foot and limb went under said walk, and she was thereby thrown and fell to and upon said sidewalk in such a manner that her right knee came in violent contact with one of the planks of said walk adjoining said hole, while the lower portion of her right limb remained under said walk, and that she fell in such a manner that the said limb was violently and forcibly wrenched at the knee of said right limb, so that the muscles, tendons, and cords of said limb were greatly injured, and that she was greatly bruised and injured about said limb, and she became and was sick, sore, lame, and disabled, and so remained for a long time, to wit, from thence hitherto, during all of which time she thereby suffered great pain and distress, and was hindered from attending to her household duties and affairs, and caring for her family, and also, by means of the premises, was obliged and did lay out divers sums of money, amounting to $200, in and about and endeavoring to be healed of the said wounds, sickness, and disorder."

It gave no indication of a design to claim damages for rheumatism caused by the effect of this injury upon a system affected by rheumatic tendencies.   On the contrary, it charged a physical hurt,—a bruising,—resulting in soreness and lameness of the plaintiff, and presumably such soreness and lameness as would, in a well person, naturally result from such a hurt; not consequential injuries, resulting from a combination of the hurt and extraneous conditions and causes.   *Shadock* v. *Plank-Road Co.*, 79 Mich. 7; *Fuller* v. *Mayor, etc., of Jackson*, 92 Mich. 201.   We think the charge was erroneous in this respect, and that while, under this declaration, damages for the injury suffered and its natural consequences were recoverable, up to the time of trial, together with such prospective damages of like character as were reasonably probable (*Edwards* v. *Village of Three Rivers*, 102 Mich. 155), notwithstanding the plaintiff

was a rheumatic person, it was not proper to allow a recovery for rheumatism augmented by the accident, as it was not pleaded. We are therefore constrained to reverse the judgment. We will not discuss other questions, as the law is settled in relation to them.

The judgment is reversed, and a new trial ordered.

GRANT and MONTGOMERY, JJ., concurred with HOOKER, J. MOORE, J., concurred in the result. LONG, C. J., did not sit.