GERARDO *v.* BRUSH.

120   405
f158  ⁴147

1. CONTRACT OF EMPLOYMENT—AUTHORITY OF AGENT—EVIDENCE.
    A finding that the captain of a yacht was authorized to bind
    defendant, the owner, by hiring plaintiff for the season as
    engineer, is sustained by evidence that defendant's attorney
    sent to the captain a season's contract, signed by defendant,
    and containing a blank for the engineer's signature, which
    contract bore date of about the time that the captain had, to
    defendant's knowledge, hired plaintiff under a parol agree-
    ment, the terms of which were in dispute at the trial, but
    which plaintiff claimed was for a season's employment.

2. SAME—WRONGFUL DISCHARGE BY AGENT—NOTICE TO PRINCIPAL.
    Where the captain of a yacht is authorized by the owner to dis-
    charge subordinates, one whom the captain wrongfully dis-
    charges is not obliged, before he can recover for breach of
    the contract of employment, to seek out the owner and de-
    mand the fulfillment of the contract.

3. SAME—CONDUCT OF SERVANT AFTER DISCHARGE.
    The fact that an engineer on a yacht, after his wrongful dis-
    charge by the captain, made an assault upon the latter, which,
    had it occurred during the term of his employment, would
    have justified his discharge, cannot be urged as a cause for
    the discharge in defense of an action for breach of the con-
    tract of employment.

4. WITNESSES—CREDIBILITY—INSTRUCTIONS.
    A refusal to instruct that, if the jury should believe that a
    witness has testified falsely or erroneously in any particular,
    they may disregard his whole testimony, is not erroneous, since
    the request does not take into consideration the materiality
    of the testimony, the intention with which it was given, nor
    the fact of corroboration by other witnesses.

Error to Wayne; Hosmer, J.   Submitted April 5, 1899.
Decided June 19, 1899.

*Assumpsit* by William Gerardo against Alfred E.
Brush for the breach of a contract of employment. From
a judgment for plaintiff, defendant brings error. Af-
firmed.

Plaintiff claims that he was employed as engineer on board the defendant's yacht for the season of 1897, commencing April 1st. His contract was with Capt. Klintworth, the captain of the yacht, and was made about the 27th of March. The contract rested in parol. The claim of the defendant is that plaintiff was employed from month to month, and that he was discharged at the end of the first month. After the season closed, plaintiff brought suit for breach of contract, claiming the right to recover the contract price, less what he had earned meanwhile. He had verdict and judgment.

*Thomas S. Jerome,* for appellant.

*D. B. Hayes* and *R. I. Lawson,* for appellee.

Grant, C. J. (*after stating the above facts*). 1. Defendant insists that the evidence shows no authority on the part of Capt. Klintworth to make the contract for the defendant. Plaintiff testified that Capt. Klintworth informed him that the engagement would be by the season, and not by the year; that on the 18th or 20th of April the captain informed him that his services would no longer be required after that month; that he saw Mr. Brush on the yacht about the 28th of April, and asked him why he was not going on the new boat which defendant had purchased, with the rest of the crew, to which defendant replied, "I suppose you are;" that he informed Mr. Brush that the captain had told him that his services would not be required after the 1st of the month; that defendant replied he would see him again about it; that he never signed a written contract; that a contract was sent to Capt. Klintworth for him to sign, providing for his employment by the season, and that he did not sign it because it was not handed to him to sign. Plaintiff then rested. Defendant then moved the court to direct a verdict for him on the ground that plaintiff had shown no authority on the part of Capt. Klintworth to enter into the contract, and that plaintiff made no claim upon defendant

for further wages, and gave him no notice of any claim of continuous employment or refusal to acquiesce in his discharge. The motion was denied.

When plaintiff rested, he had shown no authority in Capt. Klintworth to make the contract in suit. Defendant then introduced Capt. Klintworth, who testified that he had no authority to make a contract, except from month to month; that he himself was not hired by the season, and so could not hire plaintiff for that time. He further testified that he had been employed by defendant prior to that time as captain, but had never been employed for the season. It further appeared from his testimony that, during the first or second week in April, defendant's attorney prepared a contract with him for the season, and also prepared a contract in blank for the engineer to sign, which blank contract was dated March 27th, and signed by defendant, and a blank left for the engineer's signature. This contract did not contain the name of the engineer, but was to be a contract for the season from April 1st to November 30th, at a salary of $65 per month. It appears from plaintiff's testimony that Mr. Brush knew that he had been employed as engineer. The fact that a contract was written out, dated at the same time that plaintiff claims his parol contract was made, is evidence tending to substantiate the plaintiff's statement. We think that this blank contract was properly admitted in evidence for this purpose, and that the question of the terms of the employment were properly left to the jury. It is evident that Capt. Klintworth was authorized to make a contract of employment. It may be inferred that he reported this contract to the defendant or his attorney, and that a blank contract was prepared accordingly.

2. Defendant next insists that plaintiff has not placed himself in a position to insist upon the breach of the contract; citing and relying upon *Collins* v. *Hazelton*, 65 Mich. 220. That case differs from this in the fact that plaintiff was discharged by a mill foreman, and there was no authority shown on the part of June to discharge plain-

tiff, nor any actual knowledge and approval of his discharge. There was also doubt as to whether the plaintiff had been dismissed at all. In this case the authority of Capt. Klintworth to discharge plaintiff is unquestioned. We think the case comes within the rule of *Jones* v. *Transportation Co.*, 51 Mich. 539. Under plaintiff's testimony, he was peremptorily discharged. Under defendant's theory, there was no discharge, because it was a hiring from month to month, and the contract was terminated. We do not think that plaintiff was under obligation to find Mr. Brush, and inform him of his discharge, and demand a continuance in his employ. While Capt. Klintworth did not notify plaintiff that he was discharged for incompetency, he testified that, while he saw nothing against his competency while employed on the yacht, he had heard reports of acts of incompetency, and therefore notified him that he would not be wanted after one month.

3. Plaintiff was paid off at the end of the month. At that time a dispute arose between the captain and plaintiff in regard to a charge made that he had stolen certain tools. After he had been paid, and the captain was walking away, plaintiff asked him if he meant to say that he (plaintiff) stole the tools, to which the captain replied, "Well, the tools were there this morning, and they are gone this afternoon;" whereupon plaintiff assaulted the captain. This testimony is undisputed. An instruction was requested to the effect that this gave cause for discharge, even if plaintiff had a contract for the season, and that, therefore, plaintiff could recover only nominal damages. An assault upon the master of a vessel is a very serious offense, justifying plaintiff's discharge if it occurred during the term of his employment. If the assault had taken place after plaintiff was notified that his service would terminate at the end of the month, and before such termination, a question would arise which we need not determine. It is a fair inference from the testimony that this occurred after his service was terminated. This being so, such action would constitute no defense.

4. Defendant preferred the following requests:

"(1) If you believe that in any part of his testimony any witness has sworn falsely or erroneously, you are entitled to disregard all his evidence.

"(2) It appears in evidence in this case that plaintiff's testimony as to his employment is contradicted by the testimony of Mr. and Mrs. Klintworth. His testimony as to other matters is contradicted in one case by Mr. Taylor and Mr. Caswell, in another case by Mr. Wallace, and in another case by Mr. Blankerts. If you believe that in any of these cases plaintiff has testified falsely, you are entitled to disregard his whole testimony."

These requests were refused, and nothing appears to have been said by the court, in its instructions to the jury, upon the credibility to be given to the witnesses. The first request is faulty in that—*First*, it leaves out the question of materiality; and, *second*, it would have instructed the jury that they could disregard all his evidence if they found that upon any point he had sworn erroneously. This is not the law. Impeachment by contradictory testimony must be on a material matter, and an error or mistake on the part of a witness does not warrant an instruction that the jury may entirely disregard the testimony. The second request is also faulty, in that it left out entirely the question of intentional falsehood. The word "false" does not necessarily involve turpitude of mind. One definition of "false" is "erroneous," "untrue." The false swearing must be intentional or willful to justify a jury in disregarding the testimony entirely, and an examination of the authorities will show that courts have usually so instructed. *Hamilton* v. *People*, 29 Mich. 173; *O'Rourke* v. *O'Rourke*, 43 Mich. 58; *Knowles* v. *People*, 15 Mich. 408. The request also is silent upon the question of corroboration. The jury should be instructed upon this point, for, if the witness is corroborated on some material points, that fact should be considered by the jury in determining what weight they should give to the testimony. It is not customary, nor do we think it good practice, to specify the witnesses by

name, as was done in this request. It may be technically correct where the judge determines, as a matter of law, that the point upon which contradiction is claimed is a material point. In this connection we call attention upon these technical charges to the language of the court in *Hillman* v. *Schwenk*, 68 Mich. 296. It may be unfortunate that the judge did not instruct the jury upon this question, for it is a case where such instructions would have been very appropriate. The judge would have done well to instruct the jury orally upon the subject; but, inasmuch as the requests preferred are not warranted by the law, we cannot reverse the judgment for this reason.

This case was submitted on briefs. The attorneys for plaintiff make no reference whatever to this point, and the attorney for the defendant cites no authorities, but contents himself with the mere statement that the refusal was error. We cannot commend this method of preparing briefs. It may save labor for attorneys, but it adds to the labor of the court.

Judgment affirmed.

The other Justices concurred.