# APRIL TERM, 1906.*

MILLER *v.* DETROIT UNITED RAILWAY.

1. WITNESSES—IMPEACHMENT—CONTRADICTORY STATEMENTS.
   In an action by a boy for personal injuries, written statements by the boy and his mother as to how the accident happened, which are contradictory of their testimony in the case, are admissible for the purpose of impeachment.

2. EVIDENCE—BURDEN OF PROOF.
   In an action by a boy against a street-railroad company for personal injuries arising from his being ejected from a car as an intruder, it is error to refuse to instruct that the preponderance of evidence is upon plaintiff.

Error to Wayne; Donovan, J. Submitted February 13, 1906. (Docket No. 140.) Decided April 30, 1906.

Case by Leonard Miller, by next friend, against the Detroit United Railway for personal injuries. There was judgment for plaintiff and defendant brings error. Reversed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Joseph R. Nolan* and *Dohany & Dohany,* for appellee.

GRANT, J. Plaintiff, a boy 10 years old, jumped from the running board of the defendant's car near the crossing of the tracks on Woodward and Michigan avenues, in the city of Detroit, and was injured. He claims that he boarded the car to sell a newspaper to a passenger; that

---

* Continued from Vol. 143.

the conductor came along the running board, ordered him off, and threatened him with his fist; and that for this reason he jumped. He recovered verdict and judgment.

After the accident the plaintiff and his mother made a written statement of how the accident occurred. Their testimony was contradictory to some of the written statements. Defendant offered the written statement in evidence as tending to impeach the statements made by the witnesses upon the stand. The court refused to admit it, for the reason: "I think there is better evidence in having the living witnesses." It is clear that the evidence was admissible.

The court refused the request to instruct the jury that the preponderance of evidence was upon the plaintiff, and did not in his charge refer to the question. The charge should have been given, or at least covered by the oral charge.

Error is also assigned upon the intemperate language of plaintiff's counsel in arguing his case to the jury. As there is no probability that the like language will be used again, it is not necessary to make further reference to it.

Judgment reversed, and new trial ordered.

McALVAY, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.