RAWLINGS *v.* CLYDE PLANK & MACADAMIZED ROAD CO.

1. NEGLIGENCE—DAMAGES—AGGRAVATED DISEASE.
   While the fact that an injury aggravates a pre-existing disease must, to permit a recovery for such aggravation, be specifically set forth in the declaration, testimony tending to show that the plaintiff, whose declaration omitted such claim, had previously suffered from his knee, and had not until after his injury been affected in other portions of his body, warrants an instruction to the jury that he could recover for injuries which were not an aggravation of previous difficulties, and were solely and directly caused by the negligence shown.

2. EVIDENCE—WITNESSES—CREDIBILITY—INSTRUCTIONS TO JURY.
   A request to charge the jury is properly refused, where, with-

out limiting its effect to intentionally false testimony, it permits the jury to disregard entirely the testimony of any witness who testifies untruthfully.

3. NEGLIGENCE—BURDEN OF PROOF—PERSONAL INJURIES.
    Failure of the trial court to give a requested *instruction* that the burden of proof as to all the issues is upon the plaintiff, is not cured because the negligence of defendant was admitted, and because the jury were charged that plaintiff must show by a preponderance of the evidence that he was not guilty of contributory negligence.

Error to St. Clair; Tappan, J. Submitted April 24, 1909. (Docket No. 84.) Decided September 21, 1909.

Case by Harry Rawlings against the Clyde Plank & Macadamized Road Company for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Moore & Wilson*, for appellant.

*John B. McIlwain* and *Frank T. Wolcott*, for appellee.

BROOKE, J. The plaintiff in the case, a young man about 26 years of age, was injured on the 22d day of November, 1905, upon a toll road controlled by the defendant company. It appears that he was engaged as salesman for the Singer Sewing Machine Company, and was driving along the highway late at night. Situated in the highway and across a ravine thereon is a bridge some 30 feet long and 14 or 16 feet in width. The ravine was approximately 15 feet in depth. The defendant company had permitted the railing upon the east side of the bridge to rot away and become displaced. The railing had been missing for upwards of a year prior to the accident. The night in question was very dark, and the bridge was somewhat overhung by trees. Upon reaching the bridge, the horse, a quiet one, either stumbled or shied, and the front wheel of the wagon in which the plaintiff was riding dropped from the east edge of the bridge, precipitating

the plaintiff and his companion to the bottom of the ravine, where they alighted upon broken timbers and planks. Plaintiff was able to reach the toll gate in the vicinity, and was from there taken to the city of Port Huron, where he received medical treatment for his bruises. The injuries complained of by the plaintiff caused pain in the stomach and side, limbs, and in one foot. After being treated in Port Huron for about three weeks, he was removed to his father's home, where he remained for about three months, and was then removed to a hospital in Detroit where he was operated upon. Both knees had become very much swollen. The operation performed in Detroit was that of inserting rubber tubes through the affected part of the knees for the purpose of draining off the fluid that had accumulated there. The plaintiff recovered to some extent, but had been unable to perform any labor up to the time of the trial.

The plaintiff averred in his declaration that at the time of receiving said injuries he was 26 years of age and in good health. Upon cross-examination he testified that he had received an injury about six years prior to the happening of the injury complained of in this case. He testified that he slipped through a hayrack, hurting one of his legs. He further gave testimony tending to show that from the time of the happening to him of this earlier injury he had suffered more or less constantly in the left knee; that it would swell after a day's work and give him pain, and the cords would contract. But he likewise testified as follows:

"I didn't experience any difficulty in other parts of my body as results of that pain at any time. I had no stomach trouble or difficulties of any kind or character at any time prior to this accident. * * * It was my knee that bothered me. * * * My leg never laid me up a day."

He further gave testimony tending to show that after the receipt of the injury complained of in the case at bar

he suffered pain in his arms, his right leg as well as his left leg—particularly his back and bowels.

At the close of plaintiff's case, defendant's counsel moved for a direction of a verdict upon the ground that there was a fatal variance between the allegation of the declaration and the proof offered on behalf of the plaintiff. The court overruled the motion, upon which ruling defendant assigned error. We are of opinion that the court did not err in so holding. The fact that plaintiff had a diseased condition of one leg would not bar a recovery for an injury to the other leg or other parts of the body "caused solely by and resulting from the accident, although he was more susceptible to suffering because of other ailments or disease."

*Hunter* v. *Village of Durand*, 137 Mich. 53 (100 N. W. 191).

Upon this branch of the case the trial court instructed the jury as follows:

"In relation to this branch of the case, you are instructed that if you find from the evidence that rheumatic or other disorders actually existed in plaintiff's legs or knees prior to the accident, and you also find that the injuries to his knees and legs received in November 22, 1905, by means of the accident, augmented or aggravated or made worse a preexisting disease or disorder or lameness, then there can be no recovery for any injuries on account of such augmented injury, disease, or condition, nor on account of pain and suffering resulting therefrom. Now, let me make this matter plain. If the injuries to the legs or knees on November 22, 1905, were in any degree an aggravation of a former injury, disease, or condition of either or both legs or knees, then there can be no recovery by plaintiff on account of such injuries that simply aggravated the former conditions.

"You are instructed, further, gentlemen, upon this branch of the case, that the fact that plaintiff suffered an injury to his legs some years prior to the accident, and that its effects had continued to the time of the accident in the form of lameness, rheumatism or otherwise, does not deprive the plaintiff of a right to recover for injuries that are directly and solely attributable to the accident

itself, unaffected by former conditions. It is your province to consider all of the evidence of those former injuries and conditions, and also the evidence of the general health of the plaintiff, and to give it such weight as you think it deserves upon the question of their effect upon the real injuries that the plaintiff now suffers and their effect as to mitigating or reducing damages to be awarded to him, if any. But, subject to these precautions, the question for you to determine is this: What are the plaintiff's injuries, losses, and sufferings that are directly and solely traceable and attributable to the accident? That is the meaning of it. And, if you find from the evidence that the plaintiff suffered injuries that are the direct and sole result of the accident, then, if you find for the plaintiff under these circumstances, you will proceed to award him damages commensurate with such injuries."

Under the authority of *Hunter* v. *Village of Durand*, *supra*, we think this charge was justified, and that the rights of the defendant were fully protected thereby.

Defendant's 5th request to charge was as follows:

"If you should find that any witness who has been produced and sworn upon the trial of this cause has not sworn truthfully to all the material facts in reference to which he has been interrogated, then I charge you that you should carefully scrutinize all of the testimony of said witness; and you would have a right to entirely ignore the testimony of any witness who had not truthfully testified as to any of the material facts in said cause."

This request is not a proper statement of the law, inasmuch as it is silent upon the question of intent. As was said by this court in the case of *Gerardo* v. *Brush*, 120 Mich. 405 (79 N. W. 646):

"The false swearing must be intentional or wilful to justify a jury in disregarding the testimony entirely."

The request was evidently directed to the testimony of the plaintiff himself, and, while under the authority of *Gerardo* v. *Brush*, *supra*, we cannot reverse the judgment because of its refusal, we are of the opinion that the court, its attention having been directed to the matter,

should have properly instructed the jury upon the point raised, because of the fact that the plaintiff's testimony, upon direct examination, was in conflict in some respects with his testimony upon cross-examination and with the testimony of numerous other witnesses.

Error is assigned upon the court's refusal to give defendants' 18th request, which was as follows:

"I charge you that the burden of proof of all the material facts necessary to substantiate the plaintiff's claim is on the plaintiff, and he must prove each and every necessary element of his case by a preponderance of the evidence, and, if he fails to do so, you must find no cause of action."

Upon this point the court charged:

"It is also the duty of the plaintiff to prove to your satisfaction by a fair preponderance of all of the evidence that at the time he was injured, if you so find, he was himself free from negligence that caused or contributed to cause the accident."

The defendant had in effect admitted its negligence in failing to keep the bridge in reasonable repair. This admission relieved the plaintiff from proof upon that point, but it did not relieve him from the necessity of proving all the other elements necessary to his recovery by a fair preponderance of the evidence. Among these elements was the question of how far the injury complained of was the cause of plaintiff's subsequent condition, and how far that condition was induced by his earlier ailments. Upon this point there was a sharp conflict in the testimony, and nowhere in the charge of the court is the jury instructed that the burden of proof was upon the plaintiff as to this matter. This request should have been given. *Miller* v. *Railway*, 144 Mich. 1 (107 N. W. 714).

The judgment is reversed, and a new trial ordered.

BLAIR, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.