### KETCHUM v. FILLINGHAM.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — AUTOMOBILES — HIGHWAYS.

The question of the plaintiff's contributory negligence was for the jury, where she testified that she drove to a street car track, paused before crossing it, to avoid an approaching car, and defendant's automobile collided with her.

2. SAME—INSTRUCTIONS TO JURY.

A charge to the jury that the operation of an automobile required the use of ordinary care, that it included the duty of having the car under control when approaching street intersections, and that defendant must use such care as an ordinarily prudent man would have used, with further instructions concerning the duty of exercising due care on the part of both plaintiff and defendant, sufficiently defined the issues of negligence.

3. DAMAGES—PLEADING—SPECIAL DAMAGES—PERSONAL INJURIES.
  It is improper to refuse an instruction to the jury that an injury to plaintiff's knee, not counted on in her declaration, should not be considered in awarding damages.

4. TRIAL—CREDIBILITY OF WITNESSES.
  It is error to refuse a properly framed request to instruct the jury that if any witness wilfully testified falsely, as to a material fact, no credit should be given to other uncorroborated testimony of that witness.

Error to Ingham; Collingwood, J. Submitted June 28, 1910. (Docket No. 153.) Decided September 27, 1910.

Case by Catherine J. Ketchum against Joseph P. Fillingham for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Thomas, Cummins & Nichols,* for appellant.

*Jason E. Nichols* and *Frank L. Dodge,* for appellee.

Plaintiff was injured in a collision between an automobile owned and operated by defendant and a carriage in which she was riding. Just prior to the accident plaintiff was driving slowly in a westerly direction along Hillsdale street, in the city of Lansing. When she reached Washington avenue, she observed a street car approaching from the north. She drove out upon Washington avenue, but claims to have stopped her horse a few feet east of the street car track to allow the street car to pass in front of her. Defendant approaching the intersection from the south collided with the carriage, smashing the left front wheel and left thill. The carriage remained upright, and plaintiff was not thrown from it. Plaintiff recovered a verdict, and defendant has removed the case to this court by writ of error.

BROOKE, J. (*after stating the facts*). We cannot agree with the claim of defendant that plaintiff was, un-

162 MICH.—45.

der her own testimony, guilty of contributory negligence as a matter of law. If her testimony is to be believed, she acted with ordinary prudence. Under all the testimony, it was, at most, a question of fact for the determination of the jury under proper instructions, which were given.

With reference to defendant's negligence, the court charged the jury as follows:

" It [the automobile] entails on the man or woman who runs it the duty of keeping it under control, especially at the street intersections, and not to run it at a rate of speed which would be dangerous or which would contribute to its getting from under his control. * * * He [defendant] was bound to use just such ordinary care, prudence, and caution as the ordinarily prudent man would have used under such circumstances. This duty includes the duty of having his automobile under control when approaching and passing street intersections, and of operating it at such a speed as is reasonable and proper, having regard to the traffic conditions of the street and the safety of the people."

It is most strenuously urged by defendant that the charge as a whole does not define the issues of negligence, nor limit the jury to the consideration of the specific negligence charged in the declaration. We think the portion of the charge quoted above, taken together with the definition of negligence in another portion thereof, and the repeated admonition of the court that the plaintiff could recover only if she convinced the jury by a preponderance of the evidence that she was free from negligence and that her injury resulted from the negligent act of the defendant, fairly instructed the jury upon the law involved in this phase of the case. In her declaration plaintiff set out that she was injured—

" By having her general nervous system severely shocked, her head and shoulders and back severely strained and wrenched, and thereby causing curvature of the spine, and her right arm and hand severely injured, and also inflicting other painful and severe injury to the body and abdomen, and thereby so bruising plaintiff in

her left side as to cause a swelling or abscess, of a tumor-
ous nature to form, which has caused plaintiff to suffer,''
etc.

It will be noted that no claim is made in the declaration
that plaintiff had suffered an injury to her legs. Upon
her direct examination she testified as follows:

"Then I had nervous chills, hundreds of them. I
shook just like a leaf day after day and formed a large
lump under my right knee. It remains there yet, and my
feet are numb. They are just like no feet, just as if they
were coming to from being asleep.''

Plaintiff's husband, on direct examination, testified:

''When I was giving her a bath, I discovered those
lumps under her knee. They were under one knee. They
were about as large as the bottom of that tumbler and
oval, and on the other one was about the size of a guinea
egg, a walnut, or something of that kind.''

Dr. Reynolds, plaintiff's physician, also upon direct ex-
amination testified:

"Q. Now, with reference to the leg, let me call your
attention. Did you discover anything under her knee?
"A. There is a bunch there I think. I was thinking
there might be two, but I guess there isn't but one.
"Q. What was that caused from, Doctor, if you know?
"A. Well, it is an enlargement of a gland, but I don't
know what caused it in this case. It might have been an
injury and might not.''

All the foregoing testimony seems to have been admit-
ted without objection on the part of the defense.

When the proofs were closed, however, defendant pre-
ferred the following request:

'' (14) No claim is made in the declaration of damages
for injuries to plaintiff's knees; hence no damages can be
awarded for such injuries.''

This request was refused, and the court charged:

'' The damages claimed by the plaintiff in her declara-
tion are for the pain and suffering from the time of the
injury up to the present time, whatever she may have

suffered physically and mentally, by reason of her injuries or the nervous condition from the time of the accident up to the present time she is entitled to recover for if you find for the plaintiff."

We think this instruction erroneous. It has been repeatedly held that recovery may not be had for injuries not pleaded. *Fuller* v. *Mayor, etc., of Jackson,* 92 Mich. 201 (52 N. W. 1075); *Hall* v. *City of Cadillac,* 114 Mich. 99 (72 N. W. 33). It cannot be said, as claimed by plaintiff, that in making up their verdict the jury were not influenced by this testimony. At the time of the trial the swellings beneath the knees afforded practically the only external evidence of plaintiff's injury.

Defendant's 15th request, as to the credibility of witnesses, was in proper form, and should have been given.[1] *Knowles* v. *People,* 15 Mich. 408; *Hamilton* v. *People,* 29 Mich. 173; *O'Rourke* v. *O'Rourke,* 43 Mich. 58 (4 N. W. 531); *Gerardo* v. *Brush,* 120 Mich. 405 (79 N. W. 646).

The judgment is reversed, and a new trial granted.

BIRD, C. J., and OSTRANDER, MOORE, and BLAIR, JJ., concurred.

---

[1] The request to charge the jury referred to is as follows: "I charge you that if you are satisfied that any witness knowingly and willingly testified to that which was false, and was a material matter, that the whole testimony of such a witness would be seriously affected by that fact, and that no credit should be given to the naked statement of such a witness when unsupported or not corroborated by any other proof in the case, but where corroborated by other proofs or circumstances, the testimony of such witness may receive such credit as it may appear to you to deserve."—REPORTER.