WILLIAM B. SUTPHIN v. THOMAS CROZER.

Money bet on the result of a horse race, and deposited with a stakeholder, may be recovered back before the contract is executed.

Error to the Circuit Court of the county of Monmouth.

The plaintiff below, Thomas Crozer, brought suit against William B. Sutphin, the defendant, to recover a certain sum of money, which had been deposited with him as a bet on the result of a horse race, on the ground that the race had never been run.

The ruling of the court on a question of evidence was excepted to by the defendant, and a bill of exceptions was prayed and allowed. The matters contained in the bill and all the facts of the case are fully set forth in the opinion of the court.

For the plaintiff, *J. D. Bedle.*

For the defendant, *Joel Parker.*

The opinion of the court was delivered by

BROWN, J. This action was brought by Crozer against Sutphin, to recover money deposited with him, as stakeholder, by Crozer, on a bet made between him and one Voorhees. The bet was made on the result of a trot between horses called Benton and Vermont, the horse taking three heats in five to be the winner.

It appeared, by the evidence of the plaintiff below, that the race commenced at the time and place appointed: each horse took one heat, when it became dark, and the judges refused to act. Benton was taken from the ground. About an hour after Crozer saw Sutphin, and demanded his deposit. The plaintiff having rested, the defendant offered to prove that but two of the judges refused to act, that the third judge remained, and Vermont trotted two other heats after

Benton was withdrawn, and was declared winner by the judge who remained; that according to the custom in Monmouth, the owner of Benton had .no right to withdraw him, and that Vermont was the winner of the race; that the money was paid to Voorhees, as the winner, before demand made and in good faith. This offer was overruled, and a bill of exceptions signed. In the case of *Huncke* v. *Francis*, 3 *Dutcher* 55, the court were divided upon the question whether this action would lie against a stakeholder since the act of 1846, making him indictable for a misdemeanor to the same extent as the parties who make the bet. Two of the judges held that the stakeholder and the plaintiff, being *pari delicto*, the law should not aid either, but leave the possessor as it found him. I cannot agree to this. The maxim does not apply. The stakeholder and the gamester may be made equally guilty by the statute, but they are not in the *same fault*. The offences are collateral, but not identical.

The opinion delivered by the then Chief Justice (Green) is entirely satisfactory to my mind. The stakeholders and the bettors are not *pari delicto*, notwithstanding the act of 1846, making the stakeholder liable to indictment for misdemeanor; the stakeholder remains not guilty of betting, and the bettors not guilty of stakeholding. The bettors commit no crime by depositing stakes, but merely pay or deposit money upon an illegal contract. If that contract has not been executed, the parties, or any of them, may rescind it, and place themselves, or have the aid of the law, if necessary, in being placed *statu quo ante contractum*. This doctrine is well settled.

But the question here is, has the contract been executed? The stakeholder agreed to pay the money to the winner. He did pay it to Voorhees as the winner, but, it is said, he was not the winner, and further, that the bet was not decided, the race not run. This position is well taken, unless the court will ascertain what are the rules which govern sportsmen in such cases, and decide according to such rules. It is clear that this ought not to be done. The whole being illegal and

criminal, we cannot inquire whether Benton lost the money by refusing, under the circumstances, to trot, nor whether Vermont won it, by going over the track without a competitor.

But it is said that the stakeholder was the judge of the race for the parties who staked their money with him, and his decision binding on them. This may be so by the rules of sportsmen, but there is no such legal rule, and we cannot make one for such a case. The evidence overruled does not show that the contract was executed by payment to the winner, and therefore it cannot be considered as executed at all.

Judgment should be affirmed.