Sutphin v. Crozer.

***

### WILLIAM H. SUTPHIN v. THOMAS CROZER.

Since the act of 1846, (*Nix. Dig.* 339,) declaring the running of horses to be a public offence, and subjecting stakeholders to fine and imprisonment, and which enacts that all promises and agreements of which the whole or any part of the consideration shall be for money betted on any such race, shall be utterly void and of no effect, no action can be maintained by one of the guilty parties against the others to recover back money thus illegally staked, whatever disposition may be made of it by the stakeholder.

Error to the Supreme Court.

For the case, see 1 *Vroom* 257.

For the plaintiff in error, *B. Williamson.*

For defendant, *F. Kingman.*

The opinion of the court was delivered by

ELMER, J. This was an action commenced in the Circuit Court of the county of Monmouth, to recover the sum of one hundred dollars, alleged to have been deposited by the plaintiff in that court, in the hands of the defendant, to be paid to the winner of a trotting match between two horses, owned by the persons who made the bet. The judge, upon the trial, assuming that the evidence showed that the proposed trotting did not take place, and that the money remained in the hands of the defendant, or had been wrongfully paid over to the person claiming to be the winner, directed the jury to find a verdict for the plaintiff. This direction being excepted to, and a bill of exceptions sealed, and the Supreme Court having affirmed the judgment of the Circuit Court, the question now to be decided by this court is, whether that judgment was erroneous. It has been insisted here, that the question whether the action could be sustained on the case as made, should have been raised at the circuit, by a motion to non-suit, and that this not appearing to have been done, it cannot be raised here. It is, undoubtedly, the established rule, that no question will be allowed to be made in a Court of Errors which was not directly presented to the court below; but it is a mistake to suppose that the rights of the plaintiff to maintain his action can only be presented by a motion to non-suit. The plaintiff is in no case obliged to ask for a non-suit, but has always a right to have a final decision of the case by the court and jury. If the court charges, in express terms, that the plaintiff is entitled to a verdict, the defendant has a right to bring this question before the superior court, by excepting to the charge, and by a statement in the bill of exceptions of so much of the facts of the case as may be necessary, fairly to present the questions of law upon which the exceptions were taken, as has been done in this case.

Having carefully examined and fully considered the elaborate and able opinion of Chief Justice Green, delivered in the case of *Huncke* v. *Francis*, 3 *Dutcher* 55, and the opinion

delivered in this case by Judge Brown, with all the respect due to the learning and ability of those judges, I am not able to concur with them, but retain the opinion I expressed in the case of *Huncke* v. *Francis*. That opinion was, that since the act of 1846 to prevent horse-racing, (*Nix. Dig.* 339,) which declares that all persons concerned in a horse-race, directly or indirectly, shall be guilty of a misdemeanor, and that if any person shall be a stakeholder, he shall be guilty and punishable by fine and imprisonment, and which enacts that all promises and agreements made by any person, when the whole or any part of the consideration thereof shall be for money betted on the running or trotting of any horses, shall be utterly void and of no effect, no action can be maintained by one of the guilty parties against the other to recover back money thus illegally staked, whatever disposition may be made of it by the stakeholder. The statute of 8 *and* 9 *Victoria, chap.* C., § 18, provides that no suit shall be maintained for the recovery of anything deposited to abide the event of any wager. What this statute has so wisely done in direct terms, has, in my opinion, been done with equal efficiency, in the case of a wager on a horse-race, by the statute of this state abrogating the previous statute, which allowed an action to recover back money actually paid to the winner, and by placing the stakeholder in the category of a *particeps criminis*. He is thus brought within the salutary rule, that where the two parties to a transaction are equally criminal, the law will render no aid to either.

The argument relied on, in opposition to this application of the rule to the case before us is, that although the parties making the bet and the stakeholder may be equally guilty, they are not guilty of the same fault, for the stakeholder is not guilty of betting, and the persons who bet are not guilty of stakeholding. It is an argument, however, of which I cannot see the force. The man who knowingly receives stolen goods is not thereby guilty of larceny; but can the thief, who shall have paid him a sum of money to induce him to conceal them, recover back that money? The statute

to prevent horse-racing, makes the persons who bet, and those who aid them by holding the stakes, guilty of a crime. The one is dependent on the other. By accepting the stakes the stakeholder becomes something more than an innocent stakeholder—he becomes an aider and abettor of the persons betting, and becomes so by their procurement. The persons thus using him have no claim to the aid of a court of justice if he proves false to his trust, nor can they be allowed to say that they have repented of their illegal proceeding and desire to stop the race and reclaim their money. Their crime has been consummated by making and receiving the bet, a crime the statute declares punishable with the same severity as the actual running of the race.

This case shows, what appears in nine out of ten of the cases in which courts of justice have yielded to this plea, that the repentance comes from a dispute about the fairness of the race.

In my opinion, the judgment of the Supreme Court should be reversed, and the record remitted to that court, to the end that a judgment be there entered reversing the judgment of the Circuit Court.

*For reversal*—CLEMENTS, CORNELISON, ELMER, FORT, VAN DYKE, VAIL, WALES.   7.

*For affirmance*—HAINES, KENNEDY.   2.