JOHN HAMILTON v. STANDARD METAL COMPANY.

Argued February 24, 1911—Decided June 15, 1911.

1. To a declaration in an action for damages for an injury resulting to the plaintiff, an employe of the defendant, the defendant pleaded a release under seal of all claims for damages, to which plea the plaintiff replied that the release was executed and delivered on Sunday. To this replication the defendant rejoined that the release was executed in consideration of the re-employment of the plaintiff at his old wages, and the payment of his medical bills, and that such medical bills and wages had been paid on secular days, and that the defendant was ready to perform its promises.

2. On demurrer the rejoinder is *held* to be bad.

---

On demurrer to a rejoinder.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the plaintiff, *Davis & Hastings.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

REED, J. The plaintiff's declaration charged the defendant with negligence, by reason of which negligence, the plaintiff, an employe of the defendant, was injured.

The defendant pleaded that the plaintiff, by his writing under seal, did release and forever discharge the defendant from all claims and demands whatsoever arising out of the injuries stated and set forth in the plaintiff's declaration.

The plaintiff replied that the said release was made, executed and delivered by the said plaintiff, at the procurement of the defendant, upon the Christian Sabbath, or first day of the week, commonly called Sunday, to wit, on Sunday, December 12th, 1909, though said release was drafted and dated on December 11th.

The rejoinder sets up that the release in the replication mentioned was executed and delivered in consideration of the re-employment of the plaintiff by the defendant on the same terms and at the same wages upon which he was employed by the said defendant before the date of the said supposed injuries, and the payment by the defendant for the proper medical attendance and wages of the plaintiff during the period of time required for the proper healing of his hand, being the alleged result of the alleged injuries set forth in the plaintiff's declaration; that at the time of the execution and delivery of the said release, and since the committing of the several alleged injuries, and before the commencement of this suit, the defendant was, and still is, ready to re-employ the said plaintiff on the same terms as he was employed before the committing of the said alleged injuries; that on the eighth day of February, 1910, not on the Christian Sabbath day, the defendant paid for the proper medical attendance, and also paid plaintiff's wages during the period of time required for the proper healing of his hand on different dates—setting them out—and that none of these payments were made upon a Sunday; that defendant, at all times, has been ready, and is ready, to perform all things in the said release on its part to be done according to the true meaning and effect of the release.

To this rejoinder the demurrer is filed.

One of the grounds of demurrer set up is that the rejoinder is a departure from the grounds set up in the second plea. This, however, is a mistake. The rejoinder is not intended to set up a new ground of defence. It is intended to fortify the plea, to exhibit facts which, notwithstanding the execution of the release on a Sunday, yet leaves it a defence to plaintiff's action.

The question is whether the facts pleaded accomplish this purpose.

It is insisted by the defendant that the contract was not completed on Sunday. This insistence is based upon the facts set out in the rejoinder respecting the consideration for the release, namely, that the defendant would do certain things in the future. The point urged is that the release was not a completed contract until these things were done.

But the fact that the consideration for a contract may consist of certain executory acts to be done in the future does not affect the completeness of the contract. The obligation can be completed, although performance may lie in the future. In the case of *Burr* v. *Nivison,* 5 *Buch.* 241, cited in support of the proposition of the defendant, the obligation only became effective when approved by the principal to the transaction, and that approval was not obtained until Monday. In the present case, the obligation would have been completed if its execution and delivery had been on a secular day instead of on Sunday, and therefore the release was completed on a Sunday.

It is again insisted that a contract is held invalid upon the ground that it was executed on Sunday only when one is invoking some affirmative action upon the strength of it.

It is, of course, clear that a court will not aid any party who asks judicial assistance by force of a completed Sunday contract. Whether the contract is invoked in aid of the plaintiff or the defendant, the fact that reliance is put upon the contract to support a right of action, or a right of defence, leaves the contract open to attack.

In the present case, the defendant asked affirmative action

by seeking by virtue of the contract of release, to bar the right of the plaintiff to an action which would otherwise exist.

We think there is no immunity from attack upon this ground.

In the argument of the counsel for the defendant, it is not definitely insisted that the acceptance in part of the consideration of the contract of release amounted to a ratification of the contract; nor could this ground be successfully taken in view of the rule announced in *Reeves* v. *Butcher, 2 Vroom* 224. In that case it was held that the subsequent payment of the interest upon a note given on a Sunday did not amount to a ratification of the note.

So, in this case, although wages and medical bills had been paid in pursuance of the agreement for the execution of the release, yet this will not amount to a ratification of the release itself.

We are of the opinion that there should be judgment for the plaintiff upon the demurrer.