COUNTY ENGINEERING COMPANY

*v.*

MARTHA WEST et al.

[Submitted October 18th, 1917.   Determined October 31st, 1917.]

1. Where a contract for the sale of real estate expressly stated that it should not be binding until ratified by a certain person, and that person ratified it on Sunday, it cannot be enforced.

2. Where a contract for the sale of real estate provided that it should not be binding until ratified by a certain person in writing, it cannot be enforced if ratified on Sunday, even if such ratification, endorsed on the contract, was not delivered until Monday.

3. A contract consummated on Sunday is unenforceable, even though defendant, when refusing to act, did not raise that objection.

On final hearing on bill for specific performance.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Mr. Ulysses G. Styron,* for the defendants.

LEAMING, V. C.

This is a suit for the specific performance of a contract for the sale of real estate.   At the termination of the hearing I reached the conclusion that the contract was fair and reasonable in all its parts, and that complainant was entitled to a decree unless our Sunday laws rendered the contract unenforceable.   That question was reserved for further consideration.

I have since given careful consideration to that question and reached the conclusion that this court cannot properly decree the enforcement of the contract.

The negotiations of the parties were completed and their engagements reduced to writing in contract form and executed in duplicate Thursday, March 29th, 1917, each party retaining a duplicate original.

Our statute forbidding worldly employment or business on Sunday (*4 Comp. Stat. p. 5712 § 1*) becomes material in this suit by reason of the following clause embodied in the written contract:

> "This contract is not binding upon the party of the first part [complainant herein] until the same shall have been ratified and confirmed in writing, either in a separate memorandum or by endorsement upon this contract, by Walter G. Clarke, of No. 224 West 72d street, New York City, the treasurer of the party of the first part, which option to ratify must be exercised on or before the fourth day of April, 1917, in default of which the party of the second part shall, at her election be released from this contract, and the same shall be deemed canceled."

On the following Sunday (April 1st, 1917) Clarke inspected the properties of defendant in Atlantic City which were to be conveyed to complainant in part payment for complainant's property, and on that day ratified and confirmed the contract of March 29th, and then and there in writing endorsed his ratification and confirmation on the duplicate original contract held by complainant. No other or further written confirmation or ratification of the contract has at any time been executed by Clarke.

It seems obvious that by reason of the clause of the contract above quoted the contract was without binding force upon either party unless and until ratified and confirmed in writing by Clarke; the office of that ratification and confirmation, if performed in the manner and within the time specified, was to impart vitality and binding force to the contract. Prior to the ratification the parties had done no more than to agree to terms of a contract which should become binding upon them respectively if a ratification and confirmation followed in accordance with the clause above quoted; when that ratification and confirmation occurred the written contract, until that time wholly conditional and without an atom of force as a contract until the condition should be discharged, became an absolute and unconditional contract binding upon the parties from that moment. In such circumstances it seems idle to say that the act of ratification and confirmation, if wholly performed on Sunday, was affected by the operation of our Sunday laws to a lesser degree

than would have been the original contract had it been wholly executed on that day.

The effect of our statute on contracts made on Sunday has been before the courts of this state so frequently that little doubt touching the law of this state in that respect can be said to exist. The cases, in the order of their dates, are: *Reeves* v. *Butcher, 31 N. J. Law 224; Ryno* v. *Darby, 20 N. J. Eq. 231; Steffens* v. *Earl, 40 N. J. Law 128; Cannon* v. *Ryan, 49 N. J. Law 314; Rush* v. *Rush (Court of Chancery), 18 Atl. Rep. 221; Delaware and Lackawanna Railway Co.* v. *Trautwein, 52 N. J. Law 169; Nibert* v. *Baghurst, 47 N. J. Eq. 201; Genniert* v. *Wuestner, 53 N. J. Eq. 302; Brewster* v. *Banta, 66 N. J. Law 367; Newbury* v. *Luke, 68 N. J. Law 189; Diamond Glass Co.* v. *Gould (Court of Chancery), 61 Atl. Rep. 12; Burr* v. *Nivison, 75 N. J. Eq. 241.* In these several decisions the view is consistently maintained that where the contract is concluded on Sunday our courts will not enforce it. I find nothing in *Burr* v. *Nivison, supra,* which departs from that view; in that case the contract was not concluded on Sunday.

Complainant maintains that the ratification by Clarke was not effective as such until its physical delivery to defendant. My recollection of the testimony is that it was delivered to complainant on Sunday and by complainant tendered to defendant on the following day with a demand that defendant perform. But irrespective of whether the ratified contract came to the physical possession of complainant on Sunday or the following day, I am unable to regard the executed ratification as an instrument in the nature of a conveyance or a promissory note or a bond, the first of which requires delivery to render it effective as a conveyance and the others to render them effective as contracts; accordingly such authorities as hold that a conveyance or obligation which requires delivery as an essential element to render it effective is not to be deemed executed on Sunday if delivered on a secular day are without application. See *Love* v. *Wells, 25 Ind. 503; Diamond Glass Co.* v. *Gould, supra.* The contractual requirement above quoted was that the ratification and confirmation by Clarke should be in writing, either in a separate memorandum or by endorsement upon the contract; Clarke ratified and

confirmed the contract on Sunday, and on that day endorsed his ratification and confirmation on the contract. By that act the conditional contract became the absolute contract of the parties. It was the act of written ratification and confirmation that gave vitality to the prior contractual stipulations of the respective parties, and that vitality was imparted on Sunday; the contract was thus consummated on that day in contravention of the commands of our Sunday laws. The demand of complainant, made on the following day, that defendant recognize or accept the ratified contract and make payments according to its terms added nothing to the force or effect of the ratification by Clarke.

It is also urged by complainant that defendant is estopped from this defence because she did not disclose to complainant that her reason for her failure to perform was because the ratification had been executed on Sunday. This view cannot be maintained. It is not for defendant's sake that courts refuse to enforce Sunday contracts. A contract, the making of which is illegal, cannot be the subject-matter of action. *Pattee* v. *Greely, 13 Met. 284, 286.* The ground of defence in cases of this class is also stated to be the principle that one who participates in the violation of the law cannot be permitted to assert a right founded on the illegal transaction. This view is forcefully stated in *Gibbs* v. *Brucker, 111 U. S. 597.* By the original contract Clarke was made the mutual agent of the parties to ratify and confirm the contract. As such agent he acted, and upon his acts complainant must base the rights now asserted.

I am compelled to advise a decree dismissing the bill.