FRANK A. BERRY, RESPONDENT, v. ROBERT J. O'NEILL AND MARY J. O'NEILL, APPELLANTS.

Submitted March 21, 1918—Decided June 19, 1918.

1. The mere carrying on of negotiations on Sunday will not invalidate a contract completed on a secular day. The final consummation of the contract on Sunday is necessary to bring it within the prohibition of the Sunday statutes.

2. It is open to the trial judge, sitting without a jury, to determine that the plaintiff's contract of employment as an architect to make plans for a house *and garage* was not a Sunday contract, when the evidence tended to show that, though the parties on a Sunday discussed the probable cost of various kinds of *houses* and the architect's customary charges, yet the Sunday interview terminated to give the plaintiff a chance to "think it over" and the defendant an opportunity to purchase a lot on which to build and decide upon the character of *house* desired, and the parties later, on a week day, agreed upon the employment to make plans, not only for a house of a designated cost, but also for *a garage.*

On appeal from the Atlantic City District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellants, *Ulysses G. Styron.*

For the respondent, *Lee F. Washington.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below brought this suit to recover for services rendered as architect in drawing plans and specifications and taking estimates from various contractors for a frame house and brick garage for the defendants.

The trial judge, sitting without a jury, rendered judgment for the plaintiff, and the defendants appealed.

We are of the opinion that the judgment must be affirmed.

At the trial it appeared that the services were rendered and that the claim therefor was unpaid.

The defendants' sole contention on this appeal is that the evidence showed that the contract of employment, upon which the judgment rests, was made upon a Sunday, and was therefore void.

In general a contract made on Sunday is void. *Rosenblum* v. *Schachner,* 84 *N. J. L.* 525, and cases there cited. But the mere carrying on of negotiations on Sunday will not invalidate a contract completed on a secular day. The final consummation of a contract on Sunday is necessary to bring it within the prohibition of the Sunday statutes. *Burr* v. *Nivison,* 75 *N. J. Eq.* 241.

Tested by this rule we think the contract of employment in the present case was not invalid. True there was an interview on Sunday between the parties at which the probable cost of various kinds of *houses* was discussed and the plaintiff's customary charge for drawing plans and supervision was asked and stated. But the defendants had not yet acquired a lot upon which to build, nor decided upon the kind and cost of the house desired, and the Sunday interview terminated to give the plaintiff a chance to "think it over" and the defendants an opportunity to purchase a lot and decide upon the character of house required. Later the defendants acquired a lot, and determined to build, not only a house of a designated cost, *but also a garage,* and the interview at which the employment of the plaintiff to plan these was agreed upon, was on a week day.

Obviously in this state of the proof it cannot be said that the judgment in question rests upon a Sunday contract.

The judgment below will be affirmed, with costs.