ARTHUR C. FOSTER, RESPONDENT, v. HENRY J. BEHRE, APPELLANT.

Decided July 5, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *H. Warner Doremus.*

For the respondent, *Oliver K. Day.*

PER CURIAM.

The plaintiff had owned an Irish setter dog, "Red Bounce" by name. He brought replevin and the defendant claimed property.

It is apparent from the record in the case that the plaintiff was the owner of the dog, and that if a sale occurred it occurred on a Sunday. The balance due had not been paid by the defendant, nor had the parties been in such relation one with the other that a new promise could be found. *Rosenblum* v. *Schachner,* 84 *N. J. L.* 525.

In the case of *Reeves* v. *Butcher,* 31 *N. J. L.* 224 (at *p.* 228), Chief Justice Beasley said: "The law leaves the parties

to an illegal transaction where it finds them; it will not actively help either, and therefore such law cannot be invoked to imply a promise in favor of a *particeps criminis* to pay money due on an agreement, which such law denounced as invalid. Nor do I think there is any hardship in such a case; for he who knowingly infringes a positive provision of the penal code has no just ground of complaint, if the law, which he has contemned, shall refuse to help him avoid the consequences of his own misconduct."

Vice-Chancellor Leaming said, in *County Engineering Co.* v. *West,* 88 *N. J. Eq.* 109, 111: "The effect of our statute on contracts made on Sunday has been before the courts of this state so frequently that little doubt touching the law of this state in that respect can be said to exist." And after citing a number of cases concluded: "In these several decisions the view is consistently maintained that where the contract is concluded on Sunday our courts will not enforce it."

Counsel for the appellee, however, argues that his client was entitled to judgment because of the rule laid down in *Wooden* v. *Shotwell,* 24 *N. J. L.* 789. In that case, an ejectment suit, the party in possession claimed under a deed given as a result of a lottery. The statute provided that every grant of land made in pursuance of any lottery should be absolutely void. Hence, to give effect to the statute the court gave judgment for the lessee, who took from the party who had made the grant pursuant to the terms of the lottery. Such is not our case. Sunday transactions are merely forbidden by the statute.

The judgment below must be reversed.