CHRIS SPICCIA, PLAINTIFF-RESPONDENT, v. PATERSON SILK THROWING CO., INC., DEFENDANT-APPELLANT.

Argued October 10, 1941—Decided December 29, 1941.

510

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff-respondent, *Hymen D. Goldberg*.

For the defendant-appellant, *Paul Rittenberg* and *Herman Shapiro*.

The opinion of the court was delivered by

CASE, J. The judgment from which defendant appeals went for the plaintiff, following jury verdict, in the amount of $1,576.06.

Appellant's first point is that the trial court erred in denying its motion for a nonsuit upon the ground that the contract upon which the plaintiff's claim was based was made on Sunday and therefore was void. The respondent replies that (1) the defendant's answer did not raise the issue of legality, (2) the contract became effective by the rendition of plaintiff's services and (3) defendant ratified on a week day.

Defendant did not specifically plead illegality, but it denied the making of any contract. Thereupon plaintiff was under the duty to prove a *legal* agreement. *Ziegener and Lane* v. *Daeche*, 91 *N. J. L.* 634. Plaintiff's proof went to show an agreement which, as he testified, was made on Sunday. Such an agreement, without more, is not legal. But on the second and third branches of respondent's argument we are cited, in support, the decision of the Court of Errors and Appeals in *Roberts* v. *Remlinger*, 105 *Id.* 427, which (at *p.* 430), holds: "The record shows, the oral promise was first made on Sunday, but there is evidence in this case, on which the jury might find as a fact, that the contract was made on a week day and not on Sunday, at least ratified on a week day. It was, also, executed and therefore ratified. This under all the cases in our reports made the contract enforcible." It is said by appellant that that holding is at variance with certain earlier decisions; and that appears to be so. It is further said that the opinion, in the respects relevant to our case, is

*obiter dictum;* a contention with which we disagree. The holding, as we read it, is dual. It determines that a contract made on Sunday may be legalized by ratification on a weekday and that there may be ratification by execution. We are controlled by that determination. The president and the general manager of the defendant company both testified to the making of a two per centum bonus contract. Neither of them said that that contract was made on Sunday. But, assuming that it was made on Sunday and that either of the parties could have repudiated it thereafter and could have refused either to give or to receive benefits therefrom, the fact is that the parties performed thereunder over a period of years; the plaintiff rendering full time service and the defendant not only accepting that service but paying the weekly wage and also, at regular intervals, a bonus under the contract in accordance with what the appellant contends was the provision of the contract. The court's refusal to nonsuit on that ground was proper. *Kelley* v. *William J. Ryan, Inc.,* 6 *N. J. Mis. R.* 69.

Appellant's second point is that the trial court erred in denying its motion for a nonsuit upon the ground that the contract contravenes the statute of frauds and is therefore unenforceable; and by this is meant that the agreement was not to be performed, according to appellant's contention, within one year from the making thereof, was not evidenced by a memorandum in writing signed by the person to be charged and therefore, under *R. S.* 25:1-5(e), could not be sued upon. The contract, as put in proof, called for a bonus payment "on or shortly after June first of each year," a date which marked the end of the defendant's fiscal year. Upon that the appellant argues that the parties had in contemplation a contract not to be performed within a year from the making thereof. The point is not well made. The contract of employment and compensation was continuing, but it could have been terminated by either party, and so completed, in less than one year. In fact the first payment thereunder was made in June, 1936, approximately five months after the making of the contract. The contract could have been ended then without violation of any of its terms. Even an oral

promise which does not have to be performed within a year and which in fact is not so performed still does not come under the ban of the statute if full performance may be had within that time. *Reynier* v. *Associated Dyeing and Printing Co.,* 116 *N. J. L.* 481.

Appellant's final contention is that the trial court erred in denying its motion for a direction of verdict for the stated reason that the proofs adduced were materially at variance with the pleadings and that no valid judgment could therefore have been rendered in behalf of the plaintiff. We find no substance in this contention. There obviously was no surprise to the defendant in the construction of the contract and in the proof relating thereto as argued and submitted by the plaintiff at the trial. The pertinent testimony came out within a few minutes after the beginning of the trial. Defendant's case did not come on until the second day, and defendant then produced testimony in support of its version of the contract from the lips of the only witnesses, so far as is disclosed, who, aside from plaintiff, were present throughout the making of the contract. Defendant went to its defense without objecting on this ground.

We think that there was not substantial variance between the pleadings and the proofs. If there was a variance, it was upon a matter that was fully and fairly tried and therefore the pleadings were subject to amendment at the trial or, indeed, here. The rule is that if the real question in controversy between the parties to an action appears to have been fully and fairly tried, and correctly settled, an appellate court will not reverse for any objection which may be avoided by amendment to the pleadings but will, in such case, exercise the power of amendment. *Stammelman* v. *Interstate Co.,* 112 *N. J. L.* 342, 347.

The judgment below will be affirmed.