7 N.J. Super. 203 (1950)
72 A.2d 794
WILLIAM HECKEL, PLAINTIFF-RESPONDENT,
v.
JOSEPH L. BURTCHAELL, AND (MARY) BURTCHAELL, FIRST NAME (MARY) BEING FICTITIOUS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 19, 1950.
*205 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Joseph L. Burtchaell, attorney pro se.
Mr. Harry J. Diamond, attorney for plaintiff-respondent.
The opinion of the court was delivered by DONGES, J.A.D.
This is an appeal from a judgment entered in favor of the plaintiff in the Mercer County District Court.
The controversy in this case grew out of an oral contract for services. On June 8, 1947, a Sunday, the plaintiff entered into an agreement with Elizabeth L. Burtchaell, wife of the defendant, Joseph L. Burtchaell, whereby plaintiff agreed to paint a certain part of the defendants' premises for $115. Title to the premises was held by the defendants as tenants by the entirety. Plaintiff commenced work on June 9, 1947, and had completed it on or about June 12, 1947.
The court below found as a fact that the defendant, Joseph L. Burtchaell, knew that the work had to be done and was on the premises while the work was being performed. It appears further that, at the completion of the work, plaintiff requested payment of the defendant, Joseph L. Burtchaell, and he referred the plaintiff to his wife, stating that his wife took care of these matters for him and that if the plaintiff's work satisfied her, it was satisfactory to him.
Defendants claimed that the work was not done satisfactorily and, as a result, suffered damages amounting to $270, for which they filed a counterclaim.
The court below found that the plaintiff completed all the work required except a certain portion, the value for which work was $15. A judgment was, therefore, entered for $100 in favor of plaintiff. The court further found that the counterclaim had no merit and dismissed it.
*206 Defendant, Joseph L. Burtchaell, appearing pro se argues first that the trial court erred in rendering judgment against both him and his wife when only he was served with process. The record does not indicate whether or not the wife was served. However, the defendant can not raise this question. The only person who would be injured, if such were the case, would be the wife and the wife has not elected to appeal. The defendant Joseph L. Burtchaell is not appearing on behalf of his wife and furthermore he can not do so, because he is not licensed to practice as an attorney-at-law of this State. It, therefore, becomes unnecessary to decide this point.
Defendant also contends that the judgment against him is improper because he was not a party to the contract. It is an established principle of law that a husband is bound by the contracts made by his wife and which have been made within the scope of her authority as agent. See 41 Corpus Juris Sec., § 65(E), p. 540. There was ample evidence to support the court's finding that the work was done for both defendants, and that the husband authorized his wife to take "care of these matters for him."
The defendant contends lastly that the contract is void by reason of the provisions of R.S. 2:207-1. It is admitted by the parties that the agreement was made on a Sunday. Such an agreement, without more, is not legal. Spiccia v. Paterson Silk Throwing Co., Inc., 127 N.J.L. 509 (Sup. Ct. 1941); affirmed, 129 N.J.L. 100 (E. & A. 1942). However, there is sufficient evidence in this case, on which the court below was justified in finding that although the oral agreement was made on a Sunday, it was ratified on a week day. It must also be remembered that it was executed on a week day. Under the reported cases of our State, the contract was, therefore, enforceable. Spiccia v. Paterson Silk Throwing Co., Inc., supra; Roberts v. Remlinger, 105 N.J.L. 427 (E. & A. 1929).
The determination of this factual issue, and of the factual issues raised by the counterclaim, were clearly matters *207 within the province of the trial court. In the instant case, there was sufficient testimony to support the finding of the court.
The judgment under review is affirmed.