8 N.J. Super. 217 (1950)
73 A.2d 728
JOHN F. GREENE, PLAINTIFF-RESPONDENT,
v.
PAUL J. BIRKMEYER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1950.
Decided June 7, 1950.
*218 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Robert E. Kiernan argued the cause for appellant.
Mr. William E. Sandmeyer argued the cause for respondent.
The opinion of the court was delivered by BIGELOW, J.A.D.
The case turns upon R.S. 2:207-1, the pertinent part of which reads:
"No traveling, worldly employment or business, ordinary or servile labor or work either upon land or water, except works of necessity *219 or charity * * * shall be done, performed, used or practiced by any person within this State on the Christian Sabbath, or first day of the week, commonly called and hereinafter designated as Sunday."
On Sunday, December 5, 1948, the plaintiff agreed to buy land provided he were able to borrow on it a certain sum. At the same time, he deposited $500 with the vendor on account of the purchase. The plaintiff sues for the return of the $500, alleging that he was unable to obtain the mortgage, and also that he refuses to fulfill the contract because it was made upon the Sabbath. The District Court was of the opinion that, since the contract was made on Sunday, the plantiff had a right to disaffirm and recover back his deposit. Judgment followed accordingly, and the defendant appeals.
It is, of course, apparent that the bargain for the real estate and the deposit of $500 thereon, were business dealings forbidden by the statutes. That a contract made on Sunday will not be enforced or a transaction on that day will not be given effect, is abundantly established. An action cannot be maintained for the amount due on a promissory note made on Sunday. Reeves v. Butcher, 31 N.J.L. 224 (Sup. Ct. 1865). Or for an accounting of commissions upon a contract made on Sunday. Gennert v. Wuestner, 53 N.J. Eq. 302 (Pitney, V.C., 1895). Or for the specific performance of an agreement for the sale of real estate, executed and delivered on Sunday. Riddle v. Keller, 61 N.J. Eq. 513 (Grey, V.C., 1901); Bowen v. Pursel, 100 N.J. Eq. 319 (E. & A. 1926). A notice to a tenant, given on Sunday, that after the expiration of his term, the rent will be increased to a certain amount, is without effect and the tenant, remaining in possession, is liable only at the old rate. Cannon v. Ryan, 49 N.J.L. 314 (Sup. Ct. 1887). One who, on Sunday, repairs a boiler pursuant to a contract, even though made on a weekday, cannot recover. Telfer v. Lambert, 79 N.J.L. 299 (Sup. Ct. 1910). A release under seal, executed and delivered on a Sunday, is not a good defense. Hamilton v. Standard Metal Co., 81 N.J.L. 247 (Sup. Ct. 1911). One who, on a Sunday, sells his Irish setter and is paid part of the price. *220 cannot maintain replevin for his dog. Foster v. Behre, 7 N.J. Misc. 623 (Sup. Ct. 1929).
On the other hand, a loan made on Sunday is not an illegal consideration, in the sense that it will not support an express promise to pay made on a subsequent day. Brewster v. Banta, 66 N.J.L. 367 (Sup. Ct. 1901). Likewise, one who buys vegetables on Sunday and, on a secular day, gives his check in payment, is liable on his check. Rosenblum v. Schachner, 84 N.J.L. 525 (Sup. Ct. 1913). A bather can hold a bailee answerable for failure to return her jewelry, although the bailment was made on Sunday. Carter v. Allenhurst, 100 N.J.L. 138 (E. & A. 1924). These cases illustrate the furthest our courts have gone in sustaining rights dependent in some degree on Sunday transactions.
Business dealings in violation of the Sunday law are on a par with contracts forbidden by other statutes. Arotzky v. Kropnitzky, 98 N.J.L. 344 (Sup. Ct. 1923). It is the rule in many states that where money has been paid on a contract which is illegal, the party making the payment may repudiate the contract, provided it still remains executory, and may recover the money, even though the parties are in pari delicto. Greenberg v. Evening Post Ass'n., 99 A. 1037 (Conn. 1917); Harrington v. Bochenski, 116 A. 836 (Md. 1922); Duane v. Merchants Legal Stamp Co., 116 N.E. 873 (Mass. 1917). See 17 C.J.S., Contracts, § 275, and compare Rest. Contr., § 605, and Bertram v. Morgan, 191 S.W. 317, L.R.A. 1917 D, 445 (Ky. 1917). The foregoing view of the law, applied to gambling contracts, was stated by Chief Justice Green in our Supreme Court in Huncke v. Francis, 27 N.J.L. 55 (1858), and was repeated in Sutphin v. Crozer, 30 N.J.L. 257 (Sup. Ct. 1863). But the latter decision was reversed on writ of error, Sutphin v. Crozer, 32 N.J.L. 462 (E. & A. 1865), on the ground that the law would render no aid to either of the parties, since they were equally culpable. To the same effect is Auditorium Kennel Club v. Atlantic City, 16 N.J. Misc. 354 (Jayne, J., 1938). There the Kennel Club had leased property from the City specifically for *221 an illegal use, namely, racing dogs under the pari-mutuel system of betting. After the lessee had paid the initial installment of rent but before it took possession, it abandoned the whole unlawful project. But its complaint for the return of the money was struck because the parties were in pari delicto.
With respect to illegal contracts in general, we take it that the law in New Jersey will not aid one guilty party to recapture a payment that he has made to the other. Dicta in the cases on the Sunday statute present the same rule. "The law leaves the parties to an illegal transaction where it finds them; it will not actively help either, and therefore such a law cannot be invoked to imply a promise in favor of a particeps criminis to pay money due on a contract which such law itself denounces as invalid." Reeves v. Butcher, supra. "A party is not permitted to found a claim in a court of law upon his own contravention of law." Cannon v. Ryan, supra.
The plaintiff in the action before us was himself guilty of violating the express command of the statute. The law will not help him out of the situation in which his own illegal conduct has placed him, and so the judgment must be reversed.