414

THE NATIONAL CITY BANK OF NEW YORK, A CORPORA-
TION, PLAINTIFF-RESPONDENT, v. SIGMUND BORO-
WICZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 11, 1956—Decided June 13, 1956.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Benjamin H. Priest* argued the cause for appellant.

*Mr. Irving J. Rosenberg* argued the cause for respondent.

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. Plaintiff bank offered to lend one Joseph Martinez $2,170 on his promissory note if he would obtain the endorsement of a guarantee of payment thereon to the extent of 85% of the indebtedness. Such note, with payment guaranteed by defendant on the reverse side thereof, was delivered to plaintiff on Monday, November 16, 1953, and the loan was then made.

The bank sued defendant for the balance due on the note. He disclaimed liability on the ground that he signed the guarantee on Sunday, November 15, 1953, so that the guarantee was void *ab initio*. Plaintiff does not deny defendant's Sunday signing. Each party moved for summary judgment. The trial court denied defendant's motion and granted plaintiff's, first as to liability only, and then for damages in the sum of $1,155.11. Defendant appeals.

It is unnecessary to consider defendant's arguments that the guarantee was an independent collateral undertaking, and that a contract of guarantee must be strictly construed. The terms of the guarantee are entirely clear and defendant does not dispute their meaning. Nor need we deal with his contention that the provisions of the Negotiable Instruments Act, *R. S.* 7:1–1 *et seq.*, are not applicable to the guarantee in question. We need only consider whether a guarantee of a promissory note is enforceable by the payee against the guarantor where the guarantee was signed on a Sunday but the note was delivered and the consideration therefor advanced on the following day, the date of the note.

██ A contract made on Sunday will, of course, not be enforced. *N. J. S.* 2A:171–1; *Greene v. Birkmeyer,* 8 *N. J. Super.* 217, 219 (*App. Div.* 1950). Under the rule set forth in *Burr v. Nivison,* 74 *N. J. Eq.* 320 (*Ch.* 1908), affirmed 75 *N. J. Eq.* 241, 244 (*E. & A.* 1909), a contract signed on a Sunday is not invalid for that reason if delivered on a secular day to the party seeking to enforce it. *Cf. R. S.* 7:2–16 and *Polhemus v. Prudential Realty Corp.,* 74 *N. J. L.* 570 (*E. & A.* 1907) as to promissory notes. *Diamond Glass Co. v. Gould,* 61 *A.* 12 (*Sup. Ct.*

1905) (not officially reported), is closest in point factually and held that it was no defense to an action on a guarantee that it was dated on a Sunday, if delivered to plaintiff on a secular day. The reason for the rule is obvious; there is no contract before delivery. *Straut v. Hollinger*, 139 *N. J. Eq.* 206, 209 (*Ch.* 1947); 7 *Am. Jur.* 807, § 32.

The foregoing conclusion makes it unnecessary to consider another argument advanced by plaintiff in support of its position, namely, that even though a contract is made on a Sunday, it will be held enforceable if it is executed (in the sense of performance) or ratified on a secular day, citing *Heckel v. Burtchaell*, 7 *N. J. Super.* 203 (*App. Div.* 1950); *Spiccia v. Paterson, etc., Co., Inc.*, 127 *N. J. L.* 509 (*Sup. Ct.* 1941), affirmed 129 *N. J. L.* 100 (*E. & A.* 1942). Nor is it necessary to decide whether defendant is now estopped from denying liability under the guarantee which recited that it was given to "induce the making of the loan to be evidenced by the foregoing promissory note," plaintiff having relied on the efficacy of the guarantee in making the loan and thereby having changed its position.

Affirmed.