46 N.J. Super. 387 (1957)
134 A.2d 785
WILLIAM F. NAYLOR, PLAINTIFF-APPELLANT,
v.
JAMES F. CONROY AND LORRAINE CONROY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued August 26, 1957.
Decided September 20, 1957.
*389 Before Judges FREUND, CAFIERO and ARTASERSE.
Mr. Arthur J. Simpson, Jr., attorney for plaintiff-appellant (Mr. Herbert F. Savoye, Jr., of counsel).
Mr. Otto Saalfeld, Jr., attorney for defendants-respondents.
The opinion of the court was delivered by ARTASERSE, J.S.C. (temporarily assigned).
This is an appeal from a judgment of the Superior Court, Chancery Division, in favor of the defendants in an action by plaintiff for specific performance of a contract for the sale of real property.
The pretrial order discloses that the single issue projected for trial to be whether or not the contract involved is void because of its negotiation and completion on Sunday. At the trial, however, the complaint was amended to allege that the contract was executed in the State of New York.
The facts are uncomplicated and virtually undisputed. The record discloses that on Sunday, February 12, 1956, a contract was partially prepared in New Jersey for the sale of real property situate here with plaintiff as purchaser and defendants as vendors. At the defendants' home in New York City the contract was completed by adding the consideration and a more specific description, and duly executed by both parties on Sunday, February 12, 1956, although it was dated February 13, 1956. Immediately after the parties executed the contract the plaintiff gave to the defendants a check for $100 representing the down payment as called for, which check was likewise dated February 13, 1956. At the oral argument it was conceded that the said contract was duly executed and delivered in New York City on Sunday, February 12, 1956. On the following day, February 13, the contract was acknowledged by plaintiff in New Jersey before an attorney-at-law of this State and duly *390 recorded in the Bergen County Clerk's Office. However, no acknowledgment by defendants, or any other act which might be deemed ratification of the contract on a secular day, appears of record. See Roberts v. Remlinger, 105 N.J.L. 427 (E. & A. 1929); Spiccia v. Paterson Silk Throwing Co., Inc., 127 N.J.L. 509 (Sup. Ct. 1941), affirmed 129 N.J.L. 100 (E. & A. 1942); and Heckel v. Burtchaell, 7 N.J. Super. 203 (App. Div. 1950), overruling the law of our earlier cases; Reeves v. Butcher, 31 N.J.L. 224 (Sup. Ct. 1865); Gennert v. Wuestner, 53 N.J. Eq. 302 (Ch. 1895), that a contract made on Sunday is absolutely void and incapable of ratification.
From a judgment in favor of the defendants and requiring the plaintiffs to remove the contract in question from the record in the Bergen County Clerk's Office, plaintiff appeals.
The thrust of plaintiff's argument before this court is that since the contract was executed in New York, the law of that State, and not New Jersey law, governs its validity and under New York law this contract is valid and enforceable.
Preliminarily, it is well to state that under the law of this State a contract made on Sunday is void under the provisions of N.J.S. 2A:171-1 which prohibit worldly employment or business on the Christian Sabbath. This is applicable to a contract for the sale of land as well as others. Riddle v. Keller, 61 N.J. Eq. 513 (Ch. 1901); Bowen v. Pursel, 100 N.J. Eq. 319 (E. & A. 1926); Greene v. Birkmeyer, 8 N.J. Super. 217 (App. Div. 1950). It is said that the mere carrying on of negotiation on Sunday will not invalidate a contract completed on a secular day, Berry v. O'Neill, 92 N.J.L. 63 (Sup. Ct. 1918). But here the agreement was executed and part of the purchase price paid on Sunday, nothing remained to be done to render it complete. The subsequent acknowledgment by plaintiff was clearly not essential to its completion. Thus, under the facts herein, if New Jersey law is applicable the contract is void. Compare Burr v. Nivison, 75 N.J. Eq. 241 (E. & A. 1909), where delivery of the land sale contract for the assent *391 of one party was a prerequisite to its completion; County Engineering Co. v. West, 88 N.J. Eq. 109 (Ch. 1917); where by the contract terms ratification was necessary; and National City Bank of New York v. Borowicz, 40 N.J. Super. 414 (App. Div. 1956), involving a promissory note which required delivery to become effective as a contract.
However, as plaintiff contends, it is fundamental that the validity of a contract is determined by the law of the place of contracting. Colozzi v. Bevko, Inc., 17 N.J. 194, 202 (1955); Restatement, Conflict of Laws (1934), sec. 332, p. 408; 2 Wharton, Conflict of Laws (3d ed.), sec. 401, p. 862. Beale has this to say:
"* * * the validity of a contract concerning land, which is to be sharply distinguished from the validity of the conveyance of land (which is governed by the law of the situs of the land) is determined by the law of the place of contracting, although there is some authority to the contrary. Similarly the obligation and effect of a contract relating to land on the rights (other than rights in the land) and duties of the parties to it is governed by the law of the place of contracting, and is to be equally sharply distinguished from the effect of the contract on the title to the land (such as the question whether it passes an equitable title to the land) which is governed by the law of the situs." 2 Beale, Conflict of Laws (1935) sec. 346.6.
The defendants contend that the applicable law is stated in Mayer v. Roche, 77 N.J.L. 681 (E. & A. 1909), "that the proper law of the contract is the law or laws by which the parties to a contract intended, or may fairly be presumed to have intended, the contract to be governed." But this can be of no help to the defendants. The preparation of the contract was finally completed in New York; it was signed, executed and delivered in New York, and the record discloses that the defendants intended to be bound by the contract. It is evident that both parties meant to make a binding contract and that neither meant to mislead the other. Defendants also cite Garfield Aniline Works v. Zendle, 43 F.2d 537 (3 Cir. 1930), but since that case involves the discharge and not the validity of the contract it is inapposite.
*392 Under New York law a contract for the sale of land made on Sunday is not void but is a valid and enforceable contract. Defendants conceded this at the oral argument. McCormick v. Hazard, 77 Misc. 190, 136 N.Y.S. 91 (Sup. Ct. 1912); People v. Dunford, 207 N.Y. 17, 100 N.E. 433 (Ct. App. 1912); Pomeranz v. More, 187 Misc. 383, 63 N.Y.S.2d 111 (Mun. Ct. 1946).
Defendants further urge that our courts should not give effect to the contract because our statute is inconsistent with the law of New York. With regard to Sunday contracts affecting public policy, see 11 Am. Jur., sec. 135, p. 426:
"The rule that the validity of contracts is to be determined by the law of the place where they are entered into is subject to the limitation that each state may, within constitutional limits, such as the passage of a Sunday law, determine the legality of all acts done within its own borders even though such acts are steps in the making of a contract which is consummated in another state. Usually, however, such contracts may be enforced in another state even though the laws of the latter state prohibit business in one's ordinary calling during Sunday, as generally Sunday contracts are not considered against public policy, no matter what the law of the forum. Thus, if they are valid by their proper law, they are enforceable elsewhere, although there is hopeless, but nevertheless resolute, authority the other way." (Emphasis supplied.)
At common law, contracts made on Sunday were as valid as those made on any other day. Swann v. Swann, 21 Fed. 299 (C.C.E.D. Ark., 1884); O'Rourke v. O'Rourke, 43 Mich. 58, 4 N.W. 531 (Mich. Sup. Ct. 1880). See Lovell v. Boston & M.R. Co., 75 N.H. 568, 78 A. 621, 34 L.R.A., N.S., 67, 72. In Brown v. Browning, 15 R.I. 422, 7 A. 403 (1886), the Supreme Court of Rhode Island, in referring to the cases of Adams v. Gay, 19 Vt. 358, and Swann v. Swann, supra, stated that a contract made on Sunday in a State where it was valid, was not against good morals and could be enforced. Our cases also hold that contracts entered into in this State on Sunday in violation of the Sunday law, are on a par with contracts forbidden by other statutes. Greene v. Birkmeyer, supra; Arotzky v. Kropnitzky, 98 N.J.L. 344 (Sup. Ct. 1923). If the contract *393 in question were abhorrent to the public policy of this State, defendants' argument would carry some force; see Wilkins v. Zelichowski, 43 N.J. Super. 598, 601 (App. Div. 1957), and authorities cited; also note the logic and reasoning of Justice Brandeis in Broderick v. Rosner, 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100 (1935), in overruling the decisions of our New Jersey courts which held that according to our Corporation Act a proceeding could not be maintained in the courts of this State to enforce a stockholder's statutory personal liability arising under the laws of New York. It is hornbook law that a contract for the conveyance of land valid by the lex fori will be enforced in equity by a decree in personam for a conveyance valid under the lex rei sitae. In Clark, Summary of American Law (1949), sec. 37, p. 432, the following is set forth:
"* * * Where A obtains in New York an equity decree against X for the conveyance of land  whether in New York, New Jersey or elsewhere  and X leaves New York without complying with the decree and A then finds him in New Jersey and sues him there, will the New Jersey court regard the New York decree as res judicata and issue a decree for the conveyance of the land or will it insist upon A's proving his case all over again? The better view and the trend of the decisions is in favor of the New Jersey court recognizing the New York decree as final."
If this is so, there is no reason why the New Jersey courts should not sustain the validity of the contract here, which was executed in New York where such a contract is valid and enforceable. It is clear, therefore, that the contract here is not abhorrent to the public policy of New Jersey. The rule was clearly stated by Chief Justice Gray in Milliken v. Pratt, 125 Mass. 374, 28 Am. Rep. 241 (Sup. Jud. Ct. 1878), thus:
"The general rule is that the validity of a contract is to be determined by the law of the state in which it is made; if it is valid there, it is deemed valid everywhere, and will sustain an action in the courts of a state whose laws do not permit such a contract, * * * Even a contract expressly prohibited by the statutes of the state in which the suit is brought, if not in itself immoral, is not necessarily nor usually deemed so invalid that the comity of *394 the state, as administered by its courts, will refuse to entertain an action on such a contract made by one of its own citizens abroad in a state the laws of which permit it."
It should be noted that delivery of the deed, according to the terms of the contract here involved is not to be made on Sunday. Cf. Telfer v. Lambert, 79 N.J.L. 299 (Sup. Ct. 1910), with Connelly v. Ward, 2 N.J. Misc. 44 (Ch. 1923).
It must be concluded that since the contract is valid in New York, the place of its making, it will be deemed valid in this state.
Reversed and remanded for entry of judgment for specific performance in favor of the plaintiff.